## KING *v.* THE STATE.

| 86   355|
| 93   560|

1. This conviction of murder was without evidence to support it. The evidence, which is circumstantial, though affording a supposition of guilt of the accused, shows no motive on his part to commit the crime and does not connect him therewith, if any was committed; nor is it sufficiently strong to exclude from the minds of the jury every reasonable doubt as to his guilt, or every reasonable hypothesis other than that of his guilt.

2. Where the evidence makes a doubtful case for conviction, it is error for the judge, in response to a request by the jury to be recharged, to say to them that the case is too plain, or plain enough. December 20, 1890.

Criminal law. Evidence. Before Judge MILNER. Gordon superior court. February term, 1890.

The character of the evidence may be seen by the former report (84 *Ga.* 524). The verdict was the same on the second trial as on the first.

W. R. RANKIN, E. J. KIKER and T. C. MILNER, for plaintiff in error.

G. N. LESTER, attorney-general, A. W. FITE, solicitor-general, and F. A. CANTRELL, *contra.*

BLANDFORD, Justice.

When this case was before this court at a former term, a new trial was granted upon the ground that we thought that justice required another trial of the case so as to give the State an opportunity of furnishing, if possible, further evidence as to the guilt of the accused. Another trial has been had and the plaintiff in error again found guilty; he moved for a new trial, which was refused by the court, and he excepted.

The main assignment of error is that the verdict is contrary to law, to the evidence, and without evidence to support it. We think, upon an examination of the testimony in the case, that this conviction was without evidence to support it, and that the verdict of the jury was wrong. In criminal cases the rule is, that the evidence must be so strong as to exclude from the minds of the jury every reasonable doubt as to the guilt of the accused. We do not think the evidence in this case is sufficiently strong to leave no doubt upon the minds of the jury as to the guilt of the accused. To our minds the evidence affords merely a supposition as to the guilt of the accused, there being no evidence of any grudge or motive on the part of the accused to commit this

crime, or any evidence to connect him with the same, if any crime was committed. So we think the verdict of the jury was wrong and should have been set aside by the court.

A further rule is, that in cases of circumstantial evidence, the evidence should be so strong as to exclude every other reasonable hypothesis than that of the guilt of the accused. In this case, as shown by the evidence, others may have committed this crime (if crime it was), and there is as much reason to suppose that others did so as to suppose that the accused did it. There was an equal opportunity for others to have done it as for the accused; and according to the evidence, it is quite as reasonable to suppose that the deceased came to his death by reason of an injury inflicted by a train on the railroad as at the hands of the accused. Under such circumstances, this court is not satisfied to allow the conviction to stand; and if the State cannot strengthen its evidence on the trial hereafter to be had, there should be a verdict in favor of the accused.

Another complaint made in the motion for a new trial is, that the court committed error in refusing to recharge the jury, when so requested by the jury through the sheriff, telling the officer who bore the request from the jury that the case was "too plain" or "plain enough," and he would not further charge them, which answer by the court was conveyed by the sheriff to the jury. This statement by the court, through the sheriff, to the jury, we think was not error if he meant that the case was so plain that the jury ought to find the defendant not guilty; but if he meant that the case was so plain that the jury ought to find the defendant guilty, then we think it was error. He doubtless meant the latter, because he refused to grant a new trial in the case. While we would not reverse the judgment of the court below upon this account in a plain case, where the ver-

dict of the jury was in accordance with the evidence, yet we think in a case such as this, such error would of itself authorize a reversal. Upon a consideration of the whole case, we do not think there is sufficient evidence against the accused to authorize a jury to find him guilty.                                    *Judgment reversed.*