## 5735.  FITE v. THE STATE.

RUSSELL, C. J.  1. "The privilege accorded a defendant in a criminal trial in this State, of making a statement to the jury, is an anomaly. The contents of the statement are not to be restricted or governed by the rules controlling the admissibility of evidence. 'In all criminal trials the prisoner shall have the right to make to the court and jury just such statement in the case as *he may deem proper* in his defense.' Penal Code, § 1036. Though the court may prevent repetition of the same statements or debar the statement of circumstances wholly disconnected in *fact* with the fact upon which the defendant bases his defense, the statement of the *defendant is* not to be curtailed either by rulings or interruptions merely because the facts stated by the defendant and which constitute a part of his narrative may, under the rules of evidence, be irrelevant and do not present *in law* a valid defense." *Richardson* v. *State*, 3 *Ga. App.* 313 (59 S. E. 916).

2  In view of the foregoing ruling, as well as for the reason that it is the exclusive prerogative of the jury to give to the statement of one accused of crime such force as they may think right to give it, even according it "preference to the sworn testimony in the case," if the jury thinks right to do so, the court erred in charging the jury that a specified fact brought out by the defendant's statement was not a proper thing for them to consider in making up their verdict.

3. In the absence of an appropriate and timely request, the trial court is not required to charge upon the subject of the impeachment of witnesses, but when the court has fully and correctly instructed the jury that they are the exclusive judges to determine whether any witness has been impeached, how the witnesses may be impeached by proof of contradictory statements, and that the jury is not bound to find that a witness is impeached though a thousand might testify to his bad character, and yet they may feel authorized to find that a witness is impeached though only one or two may so testify, the court should also charge that if the jury find that a witness is successfully impeached, they should disregard his testimony altogether, unless it be corroborated by evidence of good character or by the circumstances of the case.

4. Evidence as to the conduct of dogs in following tracks should not be admitted until after a preliminary investigation in which it is established that one or more of the dogs in question were of a stock characterized by acuteness of scent and power of discrimination, and had been trained or tested in the exercise of these qualities in the tracking of human beings, and were in the charge of one accustomed to use them. It must also appear that the dogs so trained and tested were laid on a trail, whether visible or not, concerning which testimony has been admitted, and upon a track which the circumstances indicate to have been made by the accused. When these preliminary tests have been made, the fact of tracking by a bloodhound may be permitted to go to the jury as one of the circumstances which may tend to connect the defendant with the crime with which he is charged. Should the preliminary investigation disclose either that the dog was not of proper stock or untrained, or not in the charge of a person familiar with such dogs, or was not placed upon a trail connected at least by circumstances

with the defendant, the trial court should exclude the entire testimony as to the conduct of the dogs. When such a foundation as that referred to above has been laid and evidence showing the conduct of the dogs has been received, the jury should be charged in substance that before they can consider the conduct of the dogs they must find that the dogs were accurate, certain, and reliable in following the trail of human footsteps, and that if they find this, then the evidence of the conduct of the dogs and its result may be considered, together with all the other evidence in the case, as a circumstance in determining the guilt or innocence of the defendant.

5. It was not error to repel evidence to the effect that counsel for the accused, in order to establish the unreliability of the dogs in question, offered to pay one of the witnesses a certain sum to make or repeat a test of the dogs.

6. Except as pointed out above, in the first, second, third, and fourth paragraphs, the trial was apparently free from error. For the reasons there stated, the court erred in overruling the defendant's motion for a new trial.      *Judgment reversed. Broyles, J., not presiding.*
                    DECIDED FEBRUARY 18, 1915.

Indictment for misdemeanor; from Cobb superior court—Judge Patterson. May 8, 1914.

On the point dealt with in paragraph 4 of the decision (admissibility of testimony as to conduct of dogs in following tracks) counsel cited: Pedigo *v.* Commonwealth, 103 Ky. 41 (116 S. W. 344, 42 L. R. A. 432, and notes) ; Sprouse *v.* Commonwealth, 132 Ky. 269; State *v.* Dickerson, 77 Ohio St. 34 (82 N. E. 960, 122 Am. St. R. 479, 11 A. & E. Ann. Cas. 1181, 13 L. R. A. (N. S.) 341) ; State *v.* Adams, 85 Kansas, 435 (116 Pac. 608, 35 L. R. A. (N. S.) 875) ; Brott *v.* State, 70 Neb. 395 (97 N. W. 593, 63 L. R. A. 789).

*Fred. Morris, N. A. Morris, George D. Anderson,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

