## CASTLEBERRY *v.* THE STATE.

GILBERT, J. 1. The jury was authorized to find from the evidence that the homicide was the effect of a conspiracy entered into some time previously, by Castleberry and others jointly indicted with him; and that Castleberry actually participated in carrying out the general plan which resulted in the premeditated killing. He took the lead and executed the first act of violence. Therefore the evidence authorized the verdict.

2. The court did not err in admitting the evidence of which complaint is made in the fourth ground of the motion for new trial. It was admissible for the purpose of showing motive or intent, notwithstanding it may also show the commission or an attempt to commit a crime. *Farmer* v. *State,* 100 *Ga.* 41 (28 S. E. 26).

3. The evidence authorizing a finding that a conspiracy to commit a crime was entered into by several persons jointly indicted, in the commission of which crime a person was killed by the conspirators or one of them, incriminating statements or admissions made during the pendency of the criminal project, although not in the presence or hearing of the one accused on trial, were admissible in testimony. *Darden* v. *State,* 172 *Ga.* 590 (158 S. E. 414). This ruling applies to grounds 6 and 7 of the motion for new trial. The testimony there complained of was not inadmissible for any reason assigned. The jury being authorized to find that a conspiracy existed, having as its object an escape from the chaingang by violence, it was not necessary to restrict the evidence to declarations against the particular guard who was actually killed. To make such declarations admissible it is not essential that all such declarants should enter or be concerned in the conspiracy at or during the same time; provided the evidence shows, as in this case, that the defendant joined the conspiracy and was an actual participant in the homicide, the object of the conspiracy.

4. No ground of the motion complaining of portions of the instructions of the court to the jury shows error.

5. The court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

No. 10007. MARCH 13, 1934.

668

*Frank Harris* and *Joe Quillian,* for plaintiff in error.
*M. J. Yeomans, attorney-general, H. G. Vandiviere, solicitor-general, B. D. Murphy* and *J. T. Goree,* contra.