## LEWIS *v.* THE STATE.

No. 15400. FEBRUARY 21, 1946.

*J. O. Ewing* and *Wesley R. Asinof*, for plaintiff in error.

*Eugene Cook, Attorney-General, E. E. Andrews, Solicitor-General, J. R. Parham, Durwood T. Pye,* and *Daniel Duke, Assistant Attorney-General,* contra.

HEAD, Justice. Leon Lewis was tried and convicted on an indictment charging him with rape. He filed a motion for new trial on the usual general grounds, and later filed an amendment to his motion, containing one special ground. Defendant excepts to the order denying his motion for new trial. In his brief he abandons the general grounds and insists on the special ground. The special ground of the motion for new trial is based on defendant's objections to the following charge of the court: "I charge you that flight, if any, and similar acts, if proven, from which an inference of guilt may be drawn, may be considered by the jury, but flight is subject to explanation; the weight to be given to it, or whether the jury will draw an inference of consciousness of guilt or not, is for the jury. It is for the jury to determine whether the flight of the defendant, if such has been proven, was due to a sense of guilt or to other reasons. If from other reasons, no inference hurtful to the defendant must be drawn by the jury." His objections to this charge are that it was argumentative, misleading, and confusing, in that, as movant contends, there was no evidence in behalf of the State tending to prove that he fled from the scene of the crime; and that the charge was erroneous as being an expression of opinion by the court, in assuming that the defendant had fled from the scene of the crime, without charging the jury that in order to consider such charge it would be first necessary to find that the defendant had fled from the scene of the crime.

This court on several occasions has approved instructions almost identical with that given in the present case on the subject of flight. See *Lester* v. *State,* 155 *Ga.* 885 (118 S. E. 674); *Smith* v. *State,* 167 *Ga.* 546 (146 S. E. 121); *Lancaster* v. *State,* 168 *Ga.* 476 (148 S. E. 139); *Luke* v. *State,* 183 *Ga.* 304 (188 S. E. 542). In two of the foregoing cases, the court had under consideration the specific objection that the language intimated an opinion by the court that there was evidence of flight, and it was held that such instruction did not intimate such an opinion. See *Smith* v. *State,* supra; *Luke* v. *State,* supra. While a similar instruction was criticized by this court in *Fountain* v. *State,* 149 *Ga.* 528 (101 S. E. 294), one objection made in that case was that the facts did not warrant a charge on flight, and this court made a finding on the facts as follows: "It appears that the accused, after the homicide and until his arrest, was no further from the scene than a few hundred yards, *nor was he apparently making any effort to flee.*" (Italics supplied.)

The record in the present case shows that the defendant in his statement made the following remarks: "She told the officers I tried to attack her, and I started to run. I got as far as this white frame on this wall and saw some bushes. When I started to run and go into the bushes I saw, I ran into a bank and fell."

W. M. Miller, a policeman who investigated the case, stated as follows with reference to the flight of defendant: "He [defendant] backed the car approximately twenty feet. I put the radio car in reverse and blocked him. . . When the defendant backed the car up and tried to get away, I was close to the fender. . . I could not say definitely what the defendant did after I blocked his automobile, because I started to the woman on the ground. . . At that time I heard my partner or someone running up Angier Avenue and run by me. At that time I noticed a racket in the underbrush or bushes to my right. I immediately jumped out of the car and had to come around the left side to get in the street. At that point I noticed the defendant running out of the bushes between the street light and myself, and my partner ran between me and him and caught him. That was the second time he tried to get away."

Under the evidence, the court was authorized to instruct the

jury on the subject of·flight, and the charge was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*