## MITCHELL *v.* THE STATE.

JENKINS, Chief Justice. 1. Whether a conspiracy be established is a question of fact for the jury. *Smith* v. *State*, 148 *Ga.* 332 (96 S. E. 632); *Horton* v. *State*, 66 *Ga.* 690, 693; *Ethridge* v. *State*, 163 *Ga.* 186, 199 (136 S. E. 72); *Castleberry* v. *State*, 178 *Ga.* 663 (173 S. E. 833).
2. "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Code, § 38-306.

3. "The *testimony* of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases; such as, to convict of treason or perjury, in any case of felony where the only witness is an accomplice, and to rebut a responsive statement in an answer in equity—in these cases (except treason) corroborating circumstances may dispense with another witness." Code, § 38-121. It is not required that the corroboration of the testimony given by an accomplice shall of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice be corroborated in every material particular. *Hargrove* v. *State*, 125 *Ga.* 270, 274 (54 S. E. 164); *Rawlins* v. *State*, 124 *Ga.* 31, 49 (52 S. E. 1). The amount of corroborative extraneous evidence necessary to connect the accused with the commission of the offense lies peculiarly within the province of the jury, and even the addition of slight evidence from an extraneous source, corroborating the accomplice in identifying the accused as the perpetrator of the crime, will be taken as sufficient to support a verdict of guilty. *Hargrove* v. *State*, 125 *Ga.* 270, 275 (54 S. E. 164); *Evans* v. *State*, 78 *Ga.* 351; *Roberts* v. *State*, 55 *Ga.* 220.

(*a*) Under the foregoing rulings as applied to the evidence set forth in the statement of facts, the jury was authorized to find that one of the witnesses testifying as to the commission of the crime of robbery, and as to the fact that the defendant was an active participant therein, was a joint conspirator; and, while the defendant could not be convicted upon such testimony without extraneous corroborative evidence connecting the defendant with the crime, since the eyewitness account of the crime as testified to by the accomplice was in fact corroborated by independent evidence tending to show the guilt of the accused, it cannot be said as a matter of law that the testimony of the accomplice, together with the corroborating evidence, was insufficient to authorize the verdict. The general grounds are, therefore, without merit.

4. Where, according to the testimony, a witness had fifteen years experience managing dogs on chain gang work, and testified regarding his personal observation over a period of three years as to the training and experience of certain dogs in trailing human footsteps, and vouched for the breeding, accuracy, and reliability of the dogs, such evidence was sufficient to qualify the dogs so as to receive in evidence testimony as to their conduct when taken to the scene of a crime. *Aiken* v. *State*, 16 *Ga. App.* 848 (86 S. E. 1076); *Fite* v. *State*, 16 *Ga. App.* 22 (4) (84 S. E. 485). See, in this connection, *Pitts* v. *State*, 197 *Ga.* 317, 326 (28 S. E. 2d, 864).

(*a*) Where a motion was made to exclude the testimony relied upon to qualify the dogs in question, on the ground that the witness could not testify that the particular dogs which he thus sought to qualify were the ones actually taken to the scene of the crime, and where the trial court ruled in effect that such evidence was not admissible unless subsequently connected up, and where the exception taken is, not that the evidence was not subsequently connected—as it was—but that the evidence was inadmissible in the first instance, such exception is without merit. *Lance* v. *State*, 166 *Ga.* 15, 16 (8) (142 S. E. 105).

(*b*) The court did not err in excluding the following testimony offered by a witness for the defense: "When they (the dogs) done that, the

warden (Mr. Lambert) was standing there and he says, 'Well, dogs is like finger-prints, they can be fooled by the dogs trailing the one way first and then the other way,' that's just what he said." If such declaration had been made by the person who had qualified the dogs, and had therefore been offered for the purpose of impeaching his evidence as to the competency of the dogs, it would doubtless have been admissible for that purpose. Such not being the case, but the statement only being a declaration made by some other person, it was properly excluded as mere hearsay.

5. "Leading questions are generally allowed only in cross-examination; but the court may exercise a discretion in granting the right to the party calling the witness, and in refusing it to the opposite party, when, from the conduct of the witness or other reason, justice shall require it." Code, § 38-1706.

(a) Where an alleged coconspirator was sworn and testified as a witness for the State, but on cross-examination repudiated his testimony given on direct examination, and testified that his evidence on direct examination had been given on account of threats and intimidation made by a police officer who had told him what to say, it was not error to permit the solicitor-general to cross-examine the witness for the purpose of showing entrapment, and in this way to prove that the accomplice witness had made statements after the pendency of the alleged conspiracy, but prior to the date of his alleged intimidation, which corroborated his testimony given on direct examination by the State, and to show that the witness had at such time implicated the defendant, had described the manner of the robbery, and had pointed out the routes to and from the scene of the robbery, which routes, as shown by the testimony of other witnesses, were the same as those followed by the dogs.

6. Where the trial court fully and correctly charged the jury on the weight to be given the defendant's statement, which included the instruction, "The jury may believe it in preference to the sworn testimony in the case," it was not reversible error, as being harmful to the defendant, although technically inaccurate, to state thereafter in connection with such charge, "So you see, gentlemen, you are to weigh the statement of the defendant and determine its credibility, just like you weigh all the evidence in the case, and determine the credibility of all the evidence and testimony in the case," when such instruction is attacked on the ground that it was harmful to the defendant, in that it limited the weight and credit which might be given to his statement.

7. The remaining grounds of the amended motion complain that the charge of the court on the principle of robbery by force or violence was unauthorized, in that the evidence showed nothing more than robbery by intimidation. In *Long* v. *State*, 12 *Ga.* 293, 294 (8) this court said: "Actual force, in our definition of robbery, implies personal violence. If there is any injury done to the person, or if there is a struggle to retain possession of the property, before it is taken, it is the force of our Penal Code." The victim in the instant case testified as follows: "When I stopped and got out of the car and got even with my front lights, this person stepped from behind the garage door and says, 'All right, Doc., stick 'em up,' and I ran immediately. . . I ran about

75 yards, hollering at the same time. . . I thought I could outrun him, I couldn't hear him behind me, and I turned and looked to see if he was still coming, and I stumbled and fell. . . I fell down right flat of my stomach, he came up and took my pocketbook. He just grabbed it and took it out, and I started to try to look at him and see who he was, and he says, 'Don't look, don't look;' I was not permitted to get up, I was exhausted. . . There was around $800 taken from my person." In view of the foregoing testimony, we cannot say as a matter of law that actual force was not employed in the robbery.

*Judgment affirmed. All the Justices concur, except Atkinson and Wyatt, JJ., who dissent. Head, J., concurs in the judgment.*

No. 15715. APRIL 16, 1947. REHEARING DENIED MAY 16, 1947.

*Claude V. Driver,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hal C. Hutchens, Solicitor-General, W. A. Foster Jr., Don B. Howe,* and *Daniel Duke, Assistant Attorney-General,* contra.