## 18409. JACKSON v. THE STATE.

Argued November 10, 1953—Decided January 11, 1954.

*Cozart, Rosenstrauch & Nilan,* for plaintiff in error.

*Eugene Cook, Attorney-General, Russell C. Davison, Jr., Solicitor-General, Rubye G. Jackson,* contra.

HEAD, Justice. 1. Counsel for the defendant (plaintiff in error in this court) have insisted that his conviction was unauthorized because the State failed to prove the corpus delicti, and because the evidence was insufficient to sustain the conviction.

It is insisted that the State failed to prove the corpus delicti because the identity of the deceased was not sufficiently proved. In our State it is an essential element of the corpus delicti that the person alleged in the indictment to have been killed is dead, the other element being that his death was caused by violence, or other direct criminal agency of some other human being. *Thomas*

v. *State,* 67 *Ga.* 460, 465 (6) ; *Langston* v. *State,* 151 *Ga.* 388 (106 S. E. 903) ; *Warren* v. *State,* 153 *Ga.* 354 (112 S. E. 283) ; *Clay* v. *State,* 176 *Ga.* 403 (168 S. E. 289) ; *McVeigh* v. *State,* 205 *Ga.* 326 (53 S. E. 2d 462).

In the present case George Dismukes, a witness for the State, testified that he prepared the body of Porterfield Sheppard for burial, that there were two wounds in the chest of the deceased caused by a revolver, and that, in his opinion, these wounds were the cause of death. Counsel for the defendant contend that the statement of this witness on cross-examination, that he did not know the deceased in his lifetime, shows that his testimony as to the identity of the deceased was based on hearsay and was not sufficient to show such identity. Under the positive testimony of this witness that he prepared the body of the person named in the indictment for burial, it must be assumed that he had ascertained this fact from reliable sources, and his statement that he did not know the deceased in his lifetime would not discredit his testimony that it was the body of Porterfield Sheppard which he prepared for burial.

The evidence was sufficient to show that the death of the deceased was caused by two wounds made by a revolver, and the circumstances do not indicate either accident or suicide. The evidence was sufficient to prove that the person alleged in the indictment to have been killed was killed by violence, and not by accident or suicide, and was, therefore, sufficient to prove the corpus delicti. Compare *Wrisper* v. *State,* 193 *Ga.* 157 (17 S. E. 2d 714) ; *Jester* v. *State,* 193 *Ga.* 202 (17 S. E. 2d 736) ; *Reddick* v. *State,* 202 *Ga.* 209 (42 S. E. 2d 742).

2. The participation of the defendant in the homicide was sought to be proved entirely by circumstantial evidence. There was testimony showing that the defendant was carrying a gun on the night of the homicide. Joe Green stated that the defendant went out with the deceased, and that some time later he heard an unidentified number of shots. The defendant shortly thereafter. fled from the State.

There is no evidence that the defendant (a Negro employee of a tourist court) had ever seen the deceased before he came to the court inquiring "about some people next door." There is no evidence that the gun of the defendant inflicted the fatal wounds. From the evidence of Joe Green, who testified that the defend-

ant went out with the deceased prior to the shooting, it can not be determined how long it was after the defendant and deceased left together that the shots were heard, and this witness could not say whether the shots were all fired from the same gun, or whether there was an exchange of shots. While the defendant stated to one witness, before leaving the jurisdiction of the homicide, that he was in trouble, it is not shown by any witness that the defendant made any admission of the shooting. The defendant in his statement gave the explanation of his flight that, after he left the deceased, he heard some shots, and started running, thinking that the deceased was shooting at him, and that he saw another man, who warned him to leave, and he was so frightened that he left the State.

While the circumstances related by the witnesses were sufficient to raise a strong suspicion that the defendant may have shot the deceased, they were insufficient to warrant a conviction on circumstantial evidence. Generally, questions raised by the evidence are for determination by the jury. It is the duty of this court, however, to reverse a judgment of conviction where there is no evidence to support the verdict. In this case the evidence shows a strong possibility that the defendant may have committed the homicide, but a strong suspicion of guilt is not sufficient under the law. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109; *King* v. *State*, 86 *Ga.* 355 (12 S. E. 943); *Young* v. *State*, 121 *Ga.* 334 (49 S. E. 256); *Reynolds* v. *State*, 170 *Ga.* 810 (154 S. E. 229); *Cornwell* v. *State*, 179 *Ga.* 668 (177 S. E. 235); *Graham* v. *State*, 183 *Ga.* 881 (189 S. E. 910); *Henderson* v. *State*, 207 *Ga.* 206 (60 S. E. 2d 345).

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*