39058.   PURSER v. THE STATE.

DECIDED OCTOBER 31, 1961.

*E. L. Stephens, Jr., W. W. Larsen,* for plaintiff in error.
*W. W. Larsen, Jr., Solicitor-General,* contra.

JORDAN, Judge.   On the trial of this case the State introduced evidence to establish the corpus delicti and details of the subsequent investigation of the homicide.   No eyewitnesses to the homicide were introduced nor was there any evidence adduced connecting the defendant with the homicide except his own statement made to the investigating officers.   The material parts of this statement were as follows: "When we left the sale barn we went to Johnny Hattons, at Perry, Georgia, that was on June 16th; we arrived at his place about 11:30 P.M., left there about 12:30, and got back to Macon about 1:30, we left Macon and come to Twiggs County about 2:00 A. M., and we, Blalock [the deceased], Richard Childers, and myself stopped on the road and got out of the car; we was about 3 miles beyond the Bullard highway on the old Richland Church Road, we opened a can of beer, we had some whisky, we were chasing the whisky with beer, we was arguing and Childers went up the road; Slim [the deceased] and

myself got into a fight; Slim hit me twice with a limb; he hit me on the head one time and on the leg one time; then I hit him somewhere along the head once with the same limb he had hit me with; it flew out of his hand and I grabbed it up; he went up the road the way Childers went mumbling something, he said you have hit me hard, don't you hit me hard or something like that: I got back to the back seat of the car, and about 5 minutes Childers came up and said let's go, he drove up the hill about a quarter of a mile, turned around, and came back down somewhere around we had had the fight, and said he had to get a limb, he got out of the car; I got out of the car and fell down; Childers went over and got the limb, put it back in the car, came over to where I was at, and said boy you are drunk; got me by the arm and put me back in the car; the next thing I remember after we hit the highway was the girls, and Richard carried me in the cabin at Gene's Court, in Macon. Blalock was not dead the last time I seen him, he was walking up the road towards Childers talking."

The State introduced no evidence showing any previous ill feelings between the parties nor any explanation for the presence of the parties at the scene of the homicide. The medical testimony disclosed that the deceased's death was the result of multiple, massive fractures of the skull caused either by one or several blows by a blunt instrument. The State's expert medical witness testified that such blow as caused the skull injury and ensuing death would have produced immediate unconsciousness in the victim and would have caused him to drop in his tracks. The codefendant, Richard Childers, who was subsequently tried and acquitted, when called as a witness by the State, refused to testify on constitutional grounds.

The defendant made an unsworn statement to the jury which was substantially the same as that introduced by the State except that in his unsworn statement he elaborated upon the details of the fight between him and the deceased and claimed that at the time he hit the deceased he, the defendant, was on his knees and the deceased was advancing on him. The State introduced no evidence in contradiction of the defendant's statements.

It is our opinion that under the evidence adduced in behalf of the State, including the defendant's statement, the verdict was unauthorized. Ordinarily, the jury in considering an admission which is partly inculpatory and partly exculpatory may believe it in part and disbelieve it in part; and this rule, by the very terms of the statute, is especially applicable to the statement the defendant is allowed to make in his own behalf at the trial. However, when the State must rely upon the defendant's admission alone for essential elements of its case, "this rule does not apply to the extent that a verbal segregation of what the defendant said is to be permitted." *Wall v. State,* 5 Ga. App. 305, 308 (63 SE 27).

Under the defendant's statement he was first attacked by the deceased, who was wielding a stick or limb; the deceased hit him twice, once on the leg and once on the head; the stick flew out of the deceased's hand and he, the defendant, grabbed it and hit the deceased about the head. He then stated that the deceased mumbled something to the effect that he had hit him too hard and then went off down the road and that he was alive the last time he saw him. This statement when considered with the testimony of the State's own expert medical witness, previously set forth, can only lead to the inference or conclusion that the injury which caused the deceased's death did not result from the fight between the defendant and the deceased.

"More important even than the possible escape from punishment of one who may by chance be guilty is the maintenance of the orderly and systematic administration of the law, since the rule applied in one case must be followed in all those of a similar character, and, whether guilty or innocent, every man accused of crime is entitled to an acquittal unless his guilt is made legally manifest. A wise provision of our law declares that, 'to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused.' Penal Code, § 1010, [*Code* § 38-109]. It can not be said that in this case the proved facts excluded every reasonable hypothesis save that of the

guilt of the defendant; and since his conviction was not authorized under the plain terms of the statute, it must be set aside and a new trial ordered." *Aiken v. State,* 17 Ga. App. 721, 722 (88 SE 210).

The evidence in this case is likewise entirely circumstantial and, being insufficient to exclude every other reasonable hypothesis save that of guilt of the accused, is insufficient to support the verdict. The case must be reversed on the general grounds. *Code* § 38-109; *King v. State,* 86 Ga. 355 (1) (12 SE 943).

The errors complained of in the special grounds are not likely to recur on a subsequent trial of this case and need not be passed upon.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*