## 29478. NICHOLS v. THE STATE.

NICHOLS, Chief Justice.

The appellant was indicted, tried, convicted and sentenced to life imprisonment for the murder of his wife. A motion for new trial was overruled and the present appeal filed. The evidence disclosed that the victim died almost immediately after having been shot through the shoulder at close range with a shotgun. The state adduced evidence of an argument between the defendant and the

victim shortly before the fatal shot was fired in which argument the defendant asked his wife if she believed that he would kill her, was she scared, and that with the religion that she had she shouldn't be afraid to die. There was also testimony that after the shot was fired the victim asked for help to which the defendant replied "Ain't nobody going to help you . . . [and] you can suffer like I suffered." In an unsworn statement the defendant admitted that he had killed his wife but contended that it was an accident.

1. Under decisions exemplified by *Jackson v. State,* 210 Ga. 303, 308 (79 SE2d 812), the evidence in this case, including that of the person who prepared the body for burial, was sufficient to show that the cause of death was a shotgun blast into the victim's shoulder.

2. During the trial of the case the defendant's son testified that, among other things, his parents had argued about the defendant having been in the penitentiary. A motion for mistrial was made by the defendant and overruled by the trial court. The trial court immediately ruled out such testimony and instructed the jury to disregard such statement by the witness. Counsel for the state was also rebuked.

"Motions for a mistrial, based upon certain answers of a witness for the State which were alleged to put the character of the defendant in issue, were properly overruled, where the court promptly sustained objections of counsel for the defendant and ruled out such questions and answers, and instructed the jury to disregard the questions and answers objected to. *Worthy v. State,* 184 Ga. 402 (3) (191 S. E. 457); *Tye v. State,* 198 Ga. 262 (4) (31 S. E. 2d, 471); *Eden v. State,* 43 Ga. App. 414 (1) (159 S. E. 134)." *Carrigan v. State,* 206 Ga. 707 (3) (58 SE2d 407).

Under the facts of this case it cannot be said that the trial court did not act promptly or did not take all necessary steps to protect the defendant from the effects of such evidence. The trial court did not err in overruling the defendant's motion for mistrial.

3. The trial court instructed the jury that the defendant had made a statement in which he contends he did not intend to kill his wife, that he did not deliberately kill her and that her death was the result of an accident

while he was pointing the gun at her and that it accidentally discharged. The contention was made that the inclusion in such charge of language to the effect that the accident occurred while he was pointing the gun at her was error inasmuch as he did not admit in his statement that he "was pointing the gun at her."

Where, as in this case, the defendant admitted in his statement that his wife died as a result of a shotgun blast, that he was holding the gun at the time it discharged but that such firing was not deliberate and that his wife's death was an accident, the statement of the trial court to the jury was not such a misstatement of the defendant's statement as would cause a reversal.

4. The evidence authorized a verdict and the trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

Submitted December 20, 1974 — Decided January 8, 1975.

*Lipscomb, Manton & Johnson, Emory Lipscomb, III,* for appellant.

*C. B. Holcomb, District Attorney,* for appellee.