## 50599. HALE v. THE STATE.

CLARK, Judge.

Following defendant's conviction for aggravated assault and the trial court's denial of his motion for a new trial, appeal is taken to this court. Error is assigned upon the general grounds and upon that portion of the court's charge involving the issue of flight.

Testifying for the state were the victim of the assault, two witnesses to the occurrence, and the investigating detective. Their testimony may be summarized as follows: On November 27, 1973, Gary R. Mosley, his wife and two children were in their truck, which was parked in a service station. Although their truck was protruding slightly into the street, traffic was proceeding around the vehicle without difficulty. Calvin Arnold was standing on the gas station lot conversing with Mr. Mosley when defendant arrived upon the scene. Defendant stopped his car and shouted, "I am going to get y'all Niggers off the street." Arnold motioned for defendant to proceed around the truck and told him to "go ahead on." Defendant turned his vehicle into the service station, removed a shotgun from the trunk of his car, and walked toward Arnold from behind the truck. Defendant aimed his shotgun at Arnold and then shot him in the leg.

After the shooting, defendant fled the scene in his car, firing his shotgun at Mosley's truck which was in pursuit. A witness reported the license number of defendant's car to the police, who were then able to ascertain defendant's identity. An arrest warrant was procured after Arnold identified defendant as his assailant from among several "mug shots" presented to him. In a statement made to police and introduced as evidence without objection at trial, defendant admitted the shooting, but asserted that Arnold had reached into his pocket prior to the shooting for what defendant had thought to be a gun. *Held:*

1. "After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict. [cit.]" *Townsend v. State,* 127 Ga. App. 797, 800 (195 SE2d 474). The evidence presented by

the state clearly authorized the jury's verdict in this case. The trial court did not err in overruling defendant's motion for a new trial upon the general grounds.

2. The trial judge charged the jury on the issue of flight in the following manner: "I instruct you further that our law provides that flight by one accused of a crime immediately after the alleged commission of a criminal act may be considered by the jury as a circumstance, not sufficient of itself to establish guilt, but as a circumstance in determining the guilt or innocence of the accused. Flight should also be considered by the jury in connection with the motives that prompted it, and at most is only one of a series of circumstances from which guilt might be inferred."

Defendant correctly argues that the above quoted portion of the court's charge was erroneous, in that it omitted the words "if any" and "if proven." Thus, the questions of whether (1) the conduct of defendant constituted flight, and (2) whether flight was proven by the evidence were not properly presented to the jury. See *Fountain v. State,* 149 Ga. 519, 528 (101 SE 294); *Lester v. State,* 155 Ga. 882, 885 (118 SE 674); *McKuhen v. State,* 102 Ga. App. 75, 76 (115 SE2d 625). Moreover, the court's charge appears incomplete with respect to the possible inferences which the jury might properly reach from a finding of flight. See *Lewis v. State,* 200 Ga. 388 (37 SE2d 405).

The erroneous jury instruction had the effect of denying the jury the right to pass upon the issue of flight, as it related to guilt. In weighing the harm to defendant occasioned by this error, however, we note that the jury was charged that flight is "not sufficient of itself to establish guilt . . . and at most is only one of a series of circumstances from which guilt might be inferred."

While acknowledging the error of the instruction, "Our inquiry must be whether on *this* record taken as a whole prejudicial error has occurred." *Robinson v. State,* 232 Ga. 123, 128 (205 SE2d 210). "When a plaintiff in error brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining

party," said Chief Justice Jackson[1] in *Brown v. City of Atlanta,* 66 Ga. 71, 76. This succinct statement has been quoted with approval in the recent cases of *Robinson v. State,* 229 Ga. 14, 15 (1) (189 SE2d 53) and *Chenault v. State,* 234 Ga. 216, 220 (215 SE2d 223). The basis for this pragmatic doctrine was well stated by our legendary Logan Bleckley thusly: "Wrong directions which do not put the traveler out of his way, furnish no reason for repeating the journey." *Cherry v. Davis,* 59 Ga. 454, 457 (4).

A person commits an aggravated assault when, with a deadly weapon, he "commits an act which places another in reasonable apprehension of immediately receiving a violent injury." Code Ann. §§ 26-1301, 26-1302. The evidence of defendant's guilt presented by the state was both clear and convincing. Moreover, defendant's testimony was tantamount to an admission of his guilt. He stated that after Arnold verbally insulted him, he parked his car and removed his shotgun from the trunk. "When I asked him why he called me the dirty name, I had it (the shotgun) aiming at his head and when he started toward me, I aimed it at his leg and when he put his hand in his pocket, that's when I shot him in the leg." (T. 120).

Defendant's presumed justification is based upon his allegation that Arnold advanced toward him with his hand in his pocket. Under the circumstances presented, however, this contention can provide no legal excuse for the shooting. Code Ann. § 26-902 specifies those conditions under which a person is justified in threatening or using force against another. Paragraph (b) of this Code section provides, "A person is not justified in using force under the circumstances specified in

---

[1]James Jackson (1819-1887), namesake grandson of the heroic Governor James Jackson, served as Chief Justice from 1880 to 1887. His eminence is shown in that he was selected as one of the quartet (the other three being Lumpkin, Bleckley, and Russell) whose busts adorn the lobby of our Judicial Building. His memorial appears in 78 Ga. 807.

paragraph (a) of this section if he: . . . (3) was the aggressor or was engaged in a combat by agreement, unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other notwithstanding continues or threatens to continue the use of unlawful force."

It is clear from defendant's testimony that he was the aggressor; therefore, he could not successfully justify his of actions under the aforementioned provisions of our Criminal Code. Since the assault was admitted and none the facts alleged could constitute a legal justification for the crime, we conclude that the evidence presented demanded a verdict of guilty and that the error in the court's charge was a harmless one. See *Montgomery v. State,* 128 Ga. App. 116 (4) (195 SE2d 784) and *Cauley v. State,* 130 Ga. App. 278, 287 (203 SE2d 239).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED MAY 7, 1975 — DECIDED SEPTEMBER 3, 1975.

*Jacques O. Partain, III, Cliffe Gort,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Charles C. Smith, Jr., Assistant District Attorneys,* for appellee.