## 65072. JOHNSON v. THE STATE.

SHULMAN, Chief Judge.

Defendant appeals his theft by taking conviction. We affirm.

1. An eyewitness to the theft of jewelry valued at $40,000 identified appellant as the perpetrator. The assistant store manager who pursued the suspected thief identified appellant as the man he chased. This evidence was sufficient to support the trial court's denial of appellant's motion for a directed verdict of acquittal.

2. Appellant also contends that testimony regarding the use of a tracking dog was admitted without a proper foundation having been laid.

"Evidence as to the conduct of dogs in following tracks should not be admitted until after a preliminary investigation in which it is established that one or more of the dogs in question were of a stock characterized by acuteness of scent and power of discrimination, and had been trained or tested in the exercise of these qualities in the tracking of human beings, and were in the charge of one accustomed to use them. It must also appear that the dogs so trained and tested were laid on a trail, whether visible or not, concerning which testimony has been admitted, and upon a track which the circumstances indicate to have been made by the accused. When these preliminary tests have been made, the fact of tracking by a bloodhound may be permitted to go to the jury as one of the

circumstances which may tend to connect the defendant with the crime with which he is charged." *Fite v. State,* 16 Ga. App. 22 (4) (84 SE 485). Johnny Browning, the police detective who handled Dingo, the dog used in this case, testified that both he and Dingo had received diplomas from the Canine Training Institute, that Dingo had successfully picked up and followed a human track numerous times in the past, and that Dingo was a German Shepherd, a breed known for its ability to pick up a human scent. The detective stated that, while he and the dog were at the scene of the theft, he received a call that a man matching the description of the suspect had been seen running a short distance from the scene. Browning immediately transported the dog to the new area where the dog picked up a trail and led Browning to a spot where he observed and arrested appellant. Contrary to appellant's assertion, the above-summarized evidence constitutes a sufficient foundation for the admission of testimony concerning the conduct of the tracking dog. *Fite v. State,* supra.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 17, 1983.

*Wilton E. Stone, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Greg Jacobs, Assistant District Attorney,* for appellee.