67477. SIMS v. THE STATE.

BANKE, Judge.
Appellant was convicted of armed robbery and sentenced to 10 years in the penitentiary. He appeals, enumerating as error the insufficiency of the evidence to support the conviction and the refusal of the trial court to grant two written requests to charge the jury regarding proof of identity.

The evidence shows that two men entered a McDonald's restaurant one afternoon, forced an employee to open a safe at gunpoint, and left with an undetermined amount of money. The restaurant was open at the time; however, the customers and many of the employees apparently were unaware of the robbery. The employee who opened the safe was an acquaintance of appellant but did not identify him. Three other employees identified appellant through either a live or photographic line-up, and they also identified him at trial. In addition, a 14-year-old boy identified appellant as a man whom he had observed across the street from the restaurant shortly before the robbery occurred, wrapping two pistols in a towel and speaking with two other men about taking money from a safe. Appellant denied culpability and presented an alibi defense. *Held:*

1. Although the evidence was conflicting, there was ample evidence from which a rational trier of fact could have concluded beyond a reasonable doubt that appellant was guilty of armed robbery. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. Appellant submitted four written requests to charge the jury on the issue of proof of identity. The charge given to the jury was essentially the same as contained in two of the requests; however, the remaining two requests were not given. The language of the charge given was substantially the same as that approved in *Garrett v. State,* 141 Ga. App. 584 (5) (234 SE2d 161) (1977). "Jury instructions must

always be viewed as a whole." *Patterson v. State,* 239 Ga. 409, 415 (238 SE2d 2) (1977). "Where the charge actually given substantially covers the principle articulated in a request to charge, the failure of the trial court to charge in the exact language requested is not error." *Stephens v. State,* 164 Ga. App. 614 (3) (298 SE2d 621) (1982). See also *Monroe v. State,* 250 Ga. 30 (5) (295 SE2d 512) (1982). In the instant case the charge, in its entirety, correctly instructed the jury that the identity of appellant as the perpetrator of the crime of armed robbery must be proved beyond a reasonable doubt. Accordingly, appellant's contention that the trial court erred in its charge on the issue of identity is without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 5, 1983.

*Darrel L. Hopson,* for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.