68855, 68949. PONDEROSA GRANITE COMPANY, INC. et al.
v. FIRST NATIONAL BANK, ELBERTON (two cases).
(325 SE2d 591)

BANKE, Presiding Judge.

Prior to February 1980, appellant Jane Tate Scarborough and her brother, William Brewer Tate, were the sole stockholders and officers of appellant Ponderosa Granite Company, Inc. (Ponderosa). In February of 1980, appellant Joe H. Scarborough purchased all of William B. Tate's stock in Ponderosa, became its president, and agreed to assume any indebtedness owed by Ponderosa to the appellee, First National Bank in Elberton, which had been personally guaranteed by Tate. The bank subsequently sued appellants on several notes and trade acceptances as well as to recover an overdraft on a checking account. Appellants counterclaimed, alleging that the bank had coerced them into entering into certain of the loan obligations, had intentionally sought to put them out of business, and had engaged in fraudulent conduct towards them. A jury subsequently awarded the bank damages in the amount of $403,734.72, plus attorney fees in the

amount of $58,132.38.

On the date this judgment was entered, the bank applied for a writ of possession with respect to certain personal property securing a portion of the indebtedness. The trial court thereafter issued a temporary restraining order, enjoining appellants from selling, transferring, or removing any of this property. Later, following a hearing, the trial court awarded the bank a writ of possession, ordered a levy on the security, and ordered appellants to provide within a specified time period a list of all equipment owned by Ponderosa and to return all secured property to the premises of Ponderosa. Appellants filed separate appeals from the judgment entered on the jury's verdict and from the writ of possession and related orders. *Held*:

1. Appellants contend that they were prejudiced by the trial court's action in ordering a 6-day recess during the trial and excusing the jurors during this period. Prior to this recess, the trial court instructed the jurors not to discuss the case with anyone and not to read any published account of the case. After the court reconvened, the trial court ascertained that all jurors had complied with its instructions. There is no evidence whatsoever that the verdict was influenced by anything other than the evidence regularly presented in the courtroom; and consequently we hold that the trial court did not err in denying appellants' motion for mistrial based on the alleged prejudice resulting from the recess. See *Todd v. State*, 243 Ga. 539 (8) (255 SE2d 5) (1979). Cf. *Maltbie v. State*, 139 Ga. App. 342 (1) (228 SE2d 368) (1976).

2. Appellants contend that the trial court erred in refusing to admit in evidence certain documents pertaining to a February 1980 transaction in which Ponderosa obtained a loan from Robert L. Scarborough, father of appellant Joe Scarborough, and pledged as security for the loan certain tracts of real property owned by the company which were also security for the indebtedness on which the present litigation was based. As Robert L. Scarborough was not a party to the present litigation, and as none of the exhibits were relevant to any of the issues involved in the case, we hold that the trial court did not err in refusing to admit them in evidence.

3. Appellants enumerate as error the refusal of the trial court to admit in evidence a deed securing a $50,000 note on which they were found to be in default. Appellants had counterclaimed for damages based on the bank's alleged action in illegally foreclosing upon the property described in the deed prior to the date on which payment of the note was due. A bank officer testified, however, that appellants were in default on other instruments at the time foreclosure proceedings were begun and that the due date on the note in question was accelerated by a provision that failure to make any payment due on "any other instrument" to the bank constituted a default. Further-

more, although the trial court refused to admit the security deed into evidence, appellants were allowed to present testimony regarding the contents of the document and the initiation of the foreclosure proceedings. Accordingly, we hold that appellants suffered no prejudice from the refusal to admit the document in evidence and that the alleged error was harmless.

4. Appellants' contention that the trial court erred in refusing to allow them to amend their pretrial order during the trial to list the same security deed as evidence is rendered moot by the foregoing.

5. Appellants contend that the trial court erred in instructing the jury not to consider the testimony of appellant Joe Scarborough to the effect that the bank had agreed to waive payments on his note in the principal amount of $291,000 during a 3-month period. According to the appellant, this agreement was made at the time of execution of the note. The bank denied having entered into such an agreement. Since, "[i]n the absence of fraud, accident, or mistake, parol evidence is not admissible to vary or contradict the express terms of a promissory note," *Tyson v. Henson*, 159 Ga. App. 684 (1) (285 SE2d 27) (1981), it follows that the trial court did not err in instructing the jury to disregard this testimony.

6. After a careful examination of the record and transcript, we find no merit to the appellants' contention that the court erred in giving certain of the bank's requested jury charges.

Appellants' contention that the trial court erred in refusing to grant certain of their requested jury charges is also without merit. Three of these requests pertained to the defense of accord and satisfaction. This defense involved a check for $289,955.58, written to the bank by an attorney on April 19, 1982, and containing the following notation: "Payoff of Loans Joe H. Scarborough and Jane Tate Scarborough and Ponderosa Granite, Inc." On that same date, it appears that appellants Joe and Jane Scarborough, both individually and in behalf of Ponderosa, signed a $291,000 note secured by realty. Appellant Joe Scarborough admitted obtaining a loan from the bank on that date in that amount. There was evidence that this transaction constituted a consolidation of pre-existing obligations, none of which were represented by the instruments involved in the instant litigation. Accordingly, this evidence did not require a charge on accord and satisfaction, nor was any other evidence offered to indicate that an accord and satisfaction had occurred. It follows that the court did not err in refusing to charge on this defense.

The principles involved in the remaining requests to charge were adequately covered in the charge given by the trial court, although not in the precise language requested. Failure of the trial court to charge in the exact language requested is not error, where the charge actually given substantially covers the principles articulated. See

*Sims v. State,* 169 Ga. App. 218 (2) (311 SE2d 861) (1983); *Stephens v. State,* 164 Ga. App. 614 (3) (298 SE2d 621) (1982).

7. The trial court was without authority to direct the appellants either to return all collateral to the premises of Ponderosa or to provide a list of the equipment. Although OCGA § 44-14-230 et seq., formerly Code Ann. § 67-701 et seq., "authorizes a court having jurisdiction to grant a writ of possession to the secured property, it does not authorize a state court judge to command affirmatively that the defendant return the property and thus allow a plaintiff to dispense with a levy made on the secured property . . ." *Riviera Equip. v. Omega Equip. Corp.,* 145 Ga. App. 640 (2) (244 SE2d 139) (1978). Cf. *London v. London,* 149 Ga. App. 805 (1) (256 SE2d 33) (1979). With regard to the order requiring an inventory of the equipment, the proper procedure for obtaining such information is by post-judgment discovery in aid of execution, pursuant to OCGA § 9-11-69. These procedures being adequate and well-established, we reject the appellee's contention that this portion of the court's order was authorized pursuant to its inherent power to issue orders necessary to the exercise of its jurisdiction. See generally OCGA § 15-6-9 (4). Accordingly, the judgment of the trial court in Case No. 68855 is affirmed as to the grant of a writ of possession but reversed as to the requirements that appellants provide the bank a list of all equipment owned by Ponderosa and return the collateral to Ponderosa's premises. The judgment of the trial court in Case No. 68949 is affirmed.

*Judgment affirmed in part and reversed in part in Case No. 68855. Judgment affirmed in Case No. 68949. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 31, 1984 —
REHEARING DENIED DECEMBER 17, 1984 —

*John Stephen Jenkins,* for appellants.
*Robert A. Johnson,* for appellee.