70370. RILEY v. THE STATE.
(334 SE2d 38)

BENHAM, Judge.

This appeal is from appellant's conviction for robbery by sudden snatching and motor vehicle theft. The evidence authorized the jury to find that appellant snatched a purse from a woman in front of a grocery store and fled on foot. Two witnesses gave chase in their cars and then on foot. One of the pursuers discovered appellant hiding in a bush, but appellant ran past him, jumped into the pursuer's car, and drove away. Both pursuers followed in the other car until they came to the stolen car which had been driven into a ditch and abandoned. After police officers were summoned to the scene, a police tracking dog followed a trail to appellant's home. The two pursuers

were brought there and identified appellant as the purse snatcher and car thief.

1. Appellant's first enumeration of error is that the trial court erred in permitting the two pursuers to make an in-court identification. This contention is based on appellant's assertion that the identifications were based on an impermissibly suggestive showup at the scene of appellant's arrest. We do not agree that the showup was impermissibly suggestive. Both witnesses immediately identified appellant as the person they had witnessed committing the crimes and had chased. There was no evidence that the witnesses were in any way influenced by police officers or the circumstances. "The totality of the testimony here shows clearly that there was not a substantial likelihood of irreparable misidentification in this case. [Cits.]" *Arnold v. State*, 155 Ga. App. 782, 784 (272 SE2d 751) (1980). Even if the showup had been suggestive, the totality of the circumstances here, established by the testimony of the identification witnesses, showed clearly that their identifications were based on their observations of appellant immediately before and after the offense and were, thus, sufficiently reliable to permit the in-court identifications. *Woody v. State*, 166 Ga. App. 666 (1) (305 SE2d 365) (1983). "A survey of the numerous cases involving suggestive pretrial confrontation procedures reveals that reversals on this ground are rare indeed." Id. at 668. This case is not such an exception.

2. Secondly, appellant complains of the denial of his motion for mistrial made when the prosecuting attorney elicited testimony concerning a threat appellant allegedly made to a witness. Because the prosecution had not provided that statement, made at a pretrial hearing, to the defense, the trial court directed the prosecuting attorney not to pursue that line of questioning, instructed the jury to disregard the testimony, and then asked the jurors whether they felt they could disregard the testimony. "The trial judge, acting within his discretion, took prompt corrective action [cit.], and thereafter the defendant did not request further instructions or renew his motion for mistrial. [Cit.] 'The rule requiring renewal of a motion for mistrial following corrective instructions to the jury still obtains in the trial of criminal cases though it has been eliminated in civil cases by CPA § 46 (b) . . .' [Cits.]" *Burce v. State*, 146 Ga. App. 383, 384 (246 SE2d 412) (1978).

3. The trial court's ruling that the police officer who handled the dog that tracked appellant was qualified to testify concerning that tracking is appellant's third enumeration of error. Although appellant characterizes this as a question of first impression, we have found cases mentioning the qualifications of tracking-dog handlers in the context of qualifying them to testify. In *Mitchell v. State*, 202 Ga. 247 (4) (42 SE2d 767) (1947), the Supreme Court noted the length of the

handler's experience with dogs and specifically with tracking dogs, and found that the trial court acted correctly in permitting the witness to testify concerning the dog's behavior. Earlier, in *Fite v. State,* 16 Ga. App. 22 (4) (84 SE 485) (1914), this court required that there be evidence that the dogs were "in the charge of one accustomed to use them." More recently, in *Johnson v. State,* 165 Ga. App. 146 (2) (299 SE2d 740) (1983), the requirement mentioned in *Fite* was considered, and testimony that the dog and his handler both had diplomas from the Canine Training Institute was held to be sufficient to qualify the handler to testify. In the present case, the handler of the dog testified that he was the senior canine officer of the Macon Police Department, that he and the dog which tracked appellant had participated in more than 50 training sessions in which actual tracking was done, and that he had also used this dog in actual police tracking work. We agree with the trial court's ruling that the handler was qualified to testify on this issue.

4. Appellant's fourth enumeration of error relates to the prosecuting attorney's efforts during closing argument to minimize the effect of the defense's impeachment of a prosecution witness. Defense counsel interrupted the argument to say, "Your Honor, counsel is testifying now; I'm going to object to it." The trial court overruled the objection and defense counsel said nothing further on the subject. "A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury. [Cit.]" *Strozier v. State,* 171 Ga. App. 703 (3) (320 SE2d 764) (1984).

5. The trial court's refusal to give appellant's requested charge on identification evidence is the subject of appellant's fifth enumeration of error. The charge given was virtually identical to that approved by this court in *Garrett v. State,* 141 Ga. App. 584 (5) (234 SE2d 161) (1977). Since the charge as given adequately covered the principle articulated in the request to charge, there was no error in failing to charge in the language requested by appellant. *Sims v. State,* 169 Ga. App. 218 (2) (311 SE2d 861) (1983).

6. Appellant argues in support of his sixth enumeration of error that the trial court's charge on flight was improper because it presupposed that the person seen fleeing from the scene was appellant. We do not find appellant's construction of the charge to be a reasonable one. A charge very similar to the one given in this case was approved by the Supreme Court in *Lewis v. State,* 200 Ga. 388 (37 SE2d 405) (1946). See also *Collins v. State,* 158 Ga. App. 270 (279 SE2d 726) (1981). There was evidence in this case that appellant was the perpetrator of the robbery and the theft, and that he fled. There was no

error in the charge of which appellant complains.

7. Appellant's seventh enumeration of error is that the trial court refused to give a requested charge on circumstantial evidence as it pertains to evidence involving the use of a tracking dog; his eighth enumeration of error is that the charge given on this subject presupposes that appellant was the person tracked. We find no merit in either enumeration of error.

The charge given set forth the standards for considering the reliability of a tracking dog (*Johnson v. State*, supra), instructed the jury that such evidence was circumstantial only and must be corroborated by other evidence, then concluded with the statement that the question of whether such evidence had been corroborated was for the jury to decide. The charge as a whole also included a thorough and unobjected to instruction on circumstantial evidence. We find no error in the charge as given, and since it adequately covered the principles articulated in the requested charge, there was no error in refusing to give appellant's requested charge. *Sims v. State*, supra.

8. Appellant's final enumeration of error, that the trial court's use of an *Allen* charge (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)) was premature because the jury had not indicated that it was deadlocked, is controlled adversely to appellant by *Helton v. State*, 166 Ga. App. 662 (2) (d) (305 SE2d 592) (1983).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1985.

J. Robert Daniel, for appellant.

*Willis B. Sparks III, District Attorney, Sharon T. Ratley, Assistant District Attorney*, for appellee.

