Montague *v.* King.

R. V. MONTAGUE *v.* PEYTON KING.

1. AMENDMENT: PLEADING.—An amendment to the declaration, by which the holder of the legal title to the debt sued on, is made the nominal plantiff, is authorized by the provisions of the Revised Code, 508, Art. 180.
2. SAME: SAME.—If the plaintiff after the commencement of the suit, strike out the indorsement of the payee on the note sued upon, this will not debar him of the right afterwards to amend his declaration by introducing the payee as a nominal plaintiff.
3. BILLS AND NOTES: MEANING OF "TRANSFER."—The term "transfer," when applied to negotiable paper, is a general term, implying the passing of the beneficial interest in the instrument to another, but not indicating the particular mode of passing such interest: and hence the averment in a declaration, in the name of the payee of a note, as nominal plaintiff for the use of another, that the note has been transferred from the nominal to the real plaintiff, does not show that the nominal plaintiff has been divested of the legal title to the note.

ERROR to the Circuit Court of Lauderdale county. Hon. W. M. Hancock, judge.

*George L. Potter*, for plaintiff in error.

*W. P. Harris*, for defendant in error,
Cited 2 Greenl. Ev. § 166; Rev. Code, 508, 509, arts. 180, 182; *Denton* v. *Stephens*, 32 Miss. R. 194.

HANDY, J., delivered the opinion of the court.
This action was instituted by attachment, in the name of the defendant in error, against the plaintiff in error, as a debtor about to

remove from this State.   The affidavit states, that it was founded on a promissory note for five hundred dollars, made by the plaintiff in error to one Gaddis, which the affidavit states was then the property of the defendant in error.

The declaration first filed claims as holder of the note, and that the payee "indorsed the same to the plaintiff."   When the cause was first tried, a judgment was rendered upon this declaration, for the plaintiff; which being reversed in this court, a new trial was awarded.   When the cause was remanded, the plaintiff below asked and obtained leave to file an amended declaration, in the name of Gaddis, for the use of Peyton King, and stating the cause of action to be the promissory note of the defendant to Gaddis, as stated in the prior declaration, averring that Gaddis had "transferred the note" to the plaintiff.   The defendant objected to filing this declaration, but the objection was overruled, and he excepted.   On the trial of the cause, it was admitted by the plaintiff that the note was indorsed to him by Gaddis when the suit was brought, but that the indorsement was stricken out on the previous trial of the cause.   A verdict and judgment were rendered for the plaintiff in the action, and thereupon this writ of error is prosecuted.

The first ground of error insisted upon is, that the court allowed the amended declaration to be filed, thereby introducing a new plaintiff in the action, and authorizing a judgment upon the replevin bond executed by the defendant, to be rendered in the name of a different person from the one to whom the bond was payable.

It is manifest that the change in the action, arising from the amendment, was merely formal, and that Peyton King, for all substantial purposes, was as really the plaintiff in the amended declaration as he was in the original one.   No prejudice whatever to the just legal rights of the defendant was occasioned by the amendment, as the defendant was entitled to the same defence to the action under the amendment, as though the action had been originally brought in that form.

Considering the amendment as a mere change in the form of the action, we think that it was authorized by the Rev. Code, 508, art. 180, which provides, that "the court shall have full power and authority to allow all amendments to be made in any pleading or proceeding, at any time before verdict, so as to bring the merits of

the controversy between the parties fairly to trial; and may allow all errors and mistakes in the name of any party, or *in the form of the action,* to be corrected," &c. The amendment is fully within the principle stated in *Denton* v. *Stephens et al.,* 32 Miss. 194.

It is further objected, that the amendment should not have been allowed, because King, who, at the commencement of the suit, was the holder of the note by indorsement, had thought fit to strike out the indorsement, and thereby deprive himself of the right to maintain the action as commenced. The reason for striking out the indorsement does not appear; but it does appear that in consequence of it, the plaintiff was unable to maintain the action under the original declaration.

We must determine the propriety of allowing the amendment, by the condition of the case, and the substantial rights of the plaintiff, at the time it was allowed; and it appears that he was then the holder of the note on which the action was founded, and to which, for ought that appears, he had a just right, but of which he could not avail himself in the suit, by reason of not having in himself the legal title to the note. The circumstance of the striking out of the indorsement at the previous trial, was a matter submitted to the sound discretion of the court, whether it was sufficient to deprive the plaintiff of the benefit of the note, of which he was really the holder, in maintaining his action. The court considered that it was not; and we do not think it proper to interfere with the exercise of that discretion, especially as it was exercised in support of a just right.

Again, it is insisted that the averments of the amended declaration show, that the action could not be maintained in the name of the plaintiff therein stated, " Gaddis, who sues for the use of King," as that declaration states, that the note sued on had been " *transferred*" to King by Gaddis: it is insisted that the term "*transferred,*" imports that the note was *indorsed,* and, therefore, that the amended declaration shows that the *legal title* to the note was assigned to King.

We do not agree with this position. The term *transfer,* when applied to negotiable paper, is a general term, showing that the beneficial interest in the paper has passed to another, but not indicating in what manner the transfer has been made. It may be

transferred, either by indorsement, which has the technical mean-ing of writing on the back, or by delivery, or by independent writ-ing, as a deed, &c., the first mode passing to the transferee the legal title, and the last two the equitable interest, in the paper. Yet they may all be properly denominated transfers of the paper. An aver-ment that a note has been transferred by the payee to another, with-out designation as to the mode of transfer, does not, therefore, import that the legal title was transferred, and does not prevent the holder from showing that he is the holder by delivery, or by other equitable title.

Let the judgment be affirmed.