### McCaulla *v.* Murphy *et al.*

1. Where the plaintiff claims one specific form of relief, and the defendant demurs on the ground that that is not the proper relief under the facts of the case, and the plaintiff thereupon acquiesces in the defendant's view as to the remedy and the law and amends his petition and prays for the relief pointed out by the demurrer, and a trial is had, the jury finding that the relief sought in the amended prayer be granted, and this verdict is set aside and a new

trial granted, the defendant cannot then demur to the amendment which he caused to be made by his first demurrer. By demurring to the relief first prayed for and pointing out the proper relief and assenting thereto, he virtually compelled the plaintiff to elect to try the case on the amendment, and therefore ought not to complain because no formal election was made by the plaintiff, or because the court charged the jury upon the relief prayed for in the amendment and omitted to charge upon the relief prayed for in the original petition. Nor should the demurrer be sustained on the ground that the amendment had never been formally allowed by the court. When the amendment was made and acted upon by the court and the parties, that was sufficient.

2. The issue being what the mill in question was worth for hire or rent, the plaintiffs were entitled to prove how much it earned while leased by the defendant to another, not as concluding the question but as illustration.

3. Counsel for plaintiffs having admitted in open court that a certain written contract between the parties was not introduced as a binding contract upon the defendant, it was unnecessary for the court to construe it; and if the defendant then wished to have it construed, he should have requested the court to charge upon it.

4. Refusal to allow one of the plaintiffs to answer a question of law asked him by defendant's counsel, was not error.

5. If the plaintiffs, while legally in possession of the property, were deprived of it by the defendant, they would be entitled to recover rents for its use while thus unlawfully in his possession.

6. The evidence sustains the finding of the jury, the trial judge being satisfied.

December 23, 1890.

Demurrer. Practice. Evidence. Charge of court. Damages. Verdict. Before Judge Milner. Whitfield superior court. April term, 1890.

Reported in the decision.

W. K. Moore and McCutchen & Shumate, for plaintiff in error.

R. J. & J. McCamy, *contra*.

Simmons, Justice.

Murphy *et al.* sued McCaulla for damages upon the ground that McCaulla had levied upon a certain engine and saw-mill in their possession and had the same sold under said levy, and at the time of the sale he fraudu-

lently prevented one Edwards from bidding by certain false and fraudulent statements made to said Edwards, whereby McCaulla was enabled to purchase the property at the sale at much less than its value. The original prayer in the petition was that McCaulla be compelled to account to them for the value of the machinery ; that the executions might be decreed satisfied, and that McCaulla be decreed to pay to them such amount as the property was worth on the day of sale, beyond what was then due on the debt. McCaulla demurred to this petition on the ground that plaintiffs were not entitled to the relief prayed, and if the sale was void, plaintiffs were not entitled to recover any money verdict against him, but could have the sale declared void and allow plaintiffs to resell. Murphy seems to have taken this view of the case, and after the demurrer was filed, he amended his petition and prayed that the pretended sale be set aside and McCaulla be required to account for the reasonable hire of the machinery, praying further for general relief, etc. It does not appear that the demurrer was passed upon at that term of the court, and as far as we can learn from the record, the parties went to trial upon the original and amended petition, and the jury at that term decreed a rescission of the sale and $600.00 for hire. It further appears that on motion of the defendant this verdict was set aside and a new trial granted. At the next term of the court defendant withdrew his first demurrer and put in a second demurrer to the amendment of the original petition praying for rescission, which he had caused to be made by his first demurrer, claiming that plaintiffs having made their election to affirm the sale and sue for the alleged fraud, such election was conclusive upon them, and the prayer last mentioned was improper and inconsistent with the suit as originally brought. This demurrer was overruled by the court. The case then

proceeded to trial, and the plaintiffs had a verdict. Another motion was made for a new trial, which was overruled, and defendant excepted.

The first special ground of the motion for a new trial claims that the court erred in refusing to strike plaintiffs' amended prayer for a rescission of the sale and claim of rents and overruling defendant's demurrer thereto, and in refusing to submit the question to the jury as to what would be the proper relief in this case under the original prayer or amended prayer, and in charging the jury that if they found in favor of plaintiffs, then they should set aside the sale and find for the plaintiffs reasonable rents for the use of the mill. Under the facts of this case, we do not think the court erred in refusing a new trial upon either of the points made in this ground. We cannot hold as matter of law that where a plaintiff files his suit claiming one specific form of relief, and defendant demurs to that relief on the ground that it is not the proper relief under the facts in the case, and plaintiff then acquiesces in the defendant's view as to the remedy and the law and amends his petition and prays for the relief pointed out by defendant in his demurrer, and a trial is had thereon, the jury returning a verdict granting the relief sought in the amended prayer, and for some reason a new trial is granted and that verdict set aside, the defendant can at that late day demur to the amendment which he caused to be made by his first demurrer. It seems to us that such a proceeding would be trifling with the court. If he was entitled to demur at all to the amendment which he caused to be made by his first demurrer, he ought to have demurred when the amendment was made and not have waited until a trial had been had thereon and a verdict rendered upon the same. Our code declares that demurrers shall be filed at the first term. Nor are we sure that if the demurrer had been

made in time, it ought to have been sustained on the ground taken therein. Under our code and the acts of 1885 and 1887, both legal and equitable causes of action can be joined in the same petition; and if so joined, both legal and equitable rights may be prayed for therein, and the court and jury may enforce either, as the justice of the case may require. If a defendant desires an election to be made by the plaintiff, he should move the court at a proper time to require the plaintiff to elect which remedy he will ask the court and jury to enforce. If the defendant does not do this, and the plaintiff himself fails to elect, in our opinion the court, after hearing the pleadings and the evidence, may then elect for the plaintiff and charge the jury upon such election; or he may charge the jury upon both remedies prayed for in the petition, if he sees proper to do so, leaving it to the jury to say which of the remedies they will give to the plaintiff. Moreover, under the peculiar facts in this case, we do not think the court erred in overruling the second demurrer, because the defendant in his first demurrer pointed out specifically to the plaintiffs the amendment which the plaintiffs made; and by demurring to the relief sought in the original petition and pointing out in his demurrer the proper relief which the plaintiffs ought to have prayed for, he virtually assented to the amendment. By demurring to the first relief prayed, and pointing out the proper relief and assenting thereto, he virtually compelled the plaintiffs to elect to try the case upon the amendment, which was for a rescission of the contract and rents for the mill. He ought not, therefore, complain because there was no formal election made by the plaintiff, or because the court charged the jury upon the relief prayed for in the amendment and omitted to charge upon the relief prayed in the original petition. Nor should the demurrer have been sustained upon the

ground that the amendment had never been formally allowed by the court. When the amendment was made and acted upon by the court and the parties, that was sufficient.

The next complaint is that the court erred in allowing the plaintiffs to prove how much the mill earned while leased by McCaulla to Williams, the objection being on the ground that the inquiry should be restricted to what the mill was worth for hire or rent. What the mill was worth for hire or rent was the real issue to be decided by the jury. They were to decide that question from all the evidence submitted to them—the condition of the mill, its capacity to saw timber, the value of the timber sawed and the proportion of that value to which the mill was entitled, as shown by the opinion of experts on this subject. And as a further illustration as to the value of the mill for rent or hire, we think the plaintiffs were entitled to prove what Williams agreed to pay to defendant for the hire of the mill. Of course, this was not conclusive as to its true rental value, but the jury could take this into consideration in connection with the other facts proved. If there were any special reasons why Williams paid to the defendant more than the mill was worth for hire or rent, then the defendant would be authorized to prove to the jury what those reasons were, as he did in this case, to wit: that Williams gave more for the hire of the mill than its true rental value because the defendant agreed to solicit orders for the mill, etc. When that was proved, doubtless the jury saw at once that what Williams agreed to pay was more than the mill was really worth for hire or rent. So we think there was no error in admitting this testimony.

Nor was there any error in the conduct of the court as complained of in the 7th ground of the motion. The court was proceeding to charge the legal effect of a cer-

tain written contract made between the parties, when plaintiffs' counsel interrupted and remarked that they did not insist upon this contract as a binding agreement, but only as showing the motive of McCaulla. The court then omitted to instruct the jury as to the meaning of the contract or its effect, and said it was before them only to throw light upon the motive which governed the defendant. Plaintiff in error insists that the court erred in omitting to state to the jury the purpose of the agreement and its legal binding effect, and should have stated that if the jury found it was conditional, and the condition was not complied with, then it would not bind McCaulla either legally or morally. The error complained of in this ground is not as to what the court did say, but what he omitted to say. If the objection had been that the court charged the jury that the agreement was before them only to show the motive of McCaulla, it would have presented a different question; but after counsel for the plaintiffs admitted in open court that the agreement was not introduced as a binding contract upon McCaulla, it was then unnecessary for the court to construe the contract, and if the defendant had wished to have it construed after the remarks by plaintiffs' counsel and the court, he should have requested the court to so charge upon it.

There was no error in refusing to allow Murphy, one of the plaintiffs, to answer the question propounded to him by defendant's counsel, as complained of in the 9th ground of the motion. The question propounded was a question of law, and if the witness had answered it, it would not have been as to the fact, but simply his conclusion as to the law upon the facts stated in the question.

The next ground complains that the court erred in charging that the plaintiffs could recover rents in this case against the legal title. We think that if the

plaintiffs, while legally in possession of this property, had been illegally deprived of the property by Mc-Caulla, they would be entitled to rents for the use of the same while thus unlawfully in McCaulla's possession. Under the facts in this case, they had a right to the possession of this property until McCaulla proceeded in a legal manner to dispossess them of the same; and if McCaulla deprived the plaintiffs of the property by fraudulent means, we think their right of possession gave them the right to recover rents for it until they were legally deprived of the same.

The other grounds of the motion not herein discussed complain that the verdict is contrary to law, to the evidence, and is excessive. The evidence was conflicting upon the question of McCaulla's actions at the time of the sale, and as to the value of the mill for rent while it was in his possession. The jury having found for the plaintiffs upon both of these issues, and there being evidence to sustain their finding, and the trial judge being satisfied therewith, we will not interfere with his discretion in refusing a new trial upon these grounds.                    *Judgment affirmed.*