SIMON HAMBURG, SUING FOR THE USE AND BENEFIT OF THE INDIAN RIVER STATE BANK, A CORPORATION, PLAINTIFF IN ERROR, VS. THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN FLORIDA, DEFENDANT IN ERROR.

1. Under the statutes of amendments in force in this State trial courts have power to allow amendments as to parties by striking out the nominal plaintiff and permitting the suit to proceed in the name of the use plaintiff as sole plaintiff.

2. Though an order permitting a plaintiff to amend does not specifically direct an amendment as to parties, yet if its language is broad enough to include an amendment of that nature, and such amendment is actually made, and the amended pleading is treated by the court and the parties as having been properly filed by proceeding to final judgment thereon, the amendment will be regarded as having been properly allowed and made.

3. Where in a suit originally instituted by two persons jointly leave is given to amend, and an amended declaration is filed wherein one of the original plaintiffs assumes the position of nominal and the other of use plaintiff, and subsequently in pursuance of leave given to amend an amended declaration is filed wherein the name of the nominal plaintiff is omitted and the use plaintiff appears as sole plaintiff suing in his own right, and the cause subsequently proceeds to final judgment upon said amended declaration to which final judgment the former nominal plaintiff is not a party, and it appears that such former nominal plaintiff has impliedly consented to and acquiesced in the propriety of the amendments, the last amendment operates as an abandonment of the suit so far as he is concerned, and having abandoned the suit and ceased to be a party thereto prior to final judgment and such final judgment not purporting to affect him in any respect, he has no right to maintain a writ of error from such judgment.

42nd Fla.]　　JANUARY TERM, 1900.　　87

Hamburg v. Liverpool, Lon., Globe Ins. Co.—Opinion of Court.

Writ of Error to the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Robbins & Graham and Geo. P. Raney,* for plaintiff in Error.

*A. W. Cockrell & Son,* for Defendant in Error.

CARTER, J.:

On December 10, 1896, the Indian River State Bank, a corporation, and Simon Hamberg, as plaintiffs, instituted suit in the Circuit Court of Brevard county, against the Liverpool and London and Globe Insurance Company, a corporation of Great Britain, doing business in Florida, upon a policy of fire insurance issued to said Hamberg. The declaration contained only one count, which sought to recover upon the policy, and with respect to the title of the plaintiffs to said policy it is alleged that on December 13, 1895, after loss of the property insured by fire, Hamberg, for value received, by a written agreement endorsed on the policy pledged the same to and deposited it with the bank as security for certain debts and engagements of Hamberg to the bank, and that the policy had never been redelivered to Hamberg, but was in the custody and possession of the bank as pledge thereof to secure the payment of said debts and the performance of said engagement. The original policy of insurance was filed as the cause of action sued upon. The defendant demurred to this declaration upon various grounds, the first being that

there was no averment in the declaration upon which a joint recovery by the Indian River State Bank and Simon Hamberg as co-plaintiffs might be predicated. The court sustained this demurrer on the first ground and gave leave to plaintiffs to amend as they might be advised. Within the time limited an amended declaration consisting of one count, declaring upon the same insurance policy described in the first declaration was filed. This declaration was filed in the name of Simon Hamburg, suing for the use and benefit of the Indian River State Bank, and the allegations as to the title to the insurance policy were the same as in the first declaration. After this declaration was filed the defendant moved the court for judgment final upon the demurrer to the first declaration upon the grounds that plaintiffs had not amended the declaration so as to take it out of the condemnation of the ground of demurrer sustained by the court, and that plaintiffs had not filed any amended declaration, or any amendment to the declaration in the case. This motion was denied, and defendant thereupon demurred to the amended declaration upon various grounds, the first and second being that the averments failed to set up a right of action in the plaintiff, but that such averments, if they disclosed a right of action at all, showed that such right of action was in the bank. This demurrer was overruled, and the defendant filed two pleas in abatement, each of which designated the plaintiffs as Indian River State Bank and Simon Hamberg, and alleged that the praecipe for summons was filed on December 10, 1896; that the summons issued the same day to defendant to answer the Indian River State Bank, a corporation, and Simon Hamberg, which summons was served.

The first plea further alleged that the amended and only declaration filed was one filed by Simon Hamberg as sole plaintiff, and the second that the amended and only declaration filed was one filed by Simon Hamberg as sole plaintiff, suing, not for himself, but for the use of the Indian River State Bank. Subsequently, Hamberg, suing for the use and benefit of the bank, moved for a default against defendant for failure to plead in accordance with leave granted upon overruling demurrer to amended declaration, and this motion being denied, filed his demurrer to the pleas in abatement, which was sustained. Defendant thereupon filed five pleas in bar, to three of which a demurrer was sustained. Defendant then filed seven additional pleas in bar to which plaintiff demurred. This demurrer was not ruled upon, as at the argument the plaintiff applied for leave to amend his declaration, and with defendant's consent the court granted the application. An amended declaration was filed in the name of Simon Hamberg, suing for the use and benefit of the Indian River State Bank, as plaintiff, containing six counts, the first and second of which declared upon the same insurance policy described in the previous declarations. The allegations as to title to the insurance policy were to the effect, in the first count, that on December 13, 1895, after the loss by fire of the property insured, the plaintiff assigned and delivered said policy to the bank to secure an indebtedness due said bank by him, and for collection as his agent, the bank to collect the policy and deduct from the proceeds thereof the amount of plaintiff's indebtedness up to the time of such collection, and to account to the plaintiff for the balance, and that the policy had never been redeemed, but was still in the custody of the bank,

90                SUPREME COURT.              [42nd Fla.

Hamburg v. Liverpool, Lon., Globe Ins. Co. —Opinion of Court.

which was the pledge thereof and entitled to receive
the full proceeds thereof; and in the second, that on De-
cember 13, 1895, after the loss by fire of the property
insured, the policy was assigned and delivered in pledge
to the bank which was authorized to receive the full
proceeds thereof for the plaintiff, as fully set forth in
the first count.   The third count was for interest on
divers sums of money forborne; the fourth for money
paid and expended for the use of defendant; the fifth
for money received; and the sixth for money found to
be due upon account stated.   A note at the foot of the
declaration designated the original policy on file as the
cause of action.   The defendant demurred to the first
and second counts of this amended declaration, and the
demurrer was sustained with leave to amend if plain-
tiff was so advised, by filing his amended declaration
within six days.   Two days thereafter the clerk of the
court upon application of defendant entered an order
dismissing the suit as to all counts in the declaration
except the first and second on the ground that no copy
of a cause of action applicable to such counts was filed
or served as required by common law rule No. 14.
Three days thereafter another amended declaration was
filed in the name of the Indian River State Bank, a cor-
poration under the laws of Florida, containing five
counts; the first, second, fourth and fifth of which de-
clared upon the same insurance policy described in the
previous declarations. The allegations as to the title to
the insurance policy were to the following effect: In the
first and fourth counts, that on December 13, 1895,
after the loss by fire of the property insured, Hamberg
assigned and delivered said policy to plaintiff, to secure
an indebtedness due the plaintiff by him, and for col-
lection as his agent, the plaintiff to collect the policy

42nd Fla.]    JANUARY TERM, 1900.    91

Hamburg v. Liverpool, Lon., Globe Ins. Co. —Opinion of Court.

and deduct from the proceeds thereof the amount of Hamberg's indebtedness up to the time of the collection, and to account to Hamberg for the balance; that the policy had never been redeemed, but was still in custody of the bank, which was pledge and entitled to receive the full proceeds thereof; in the second count, that after the loss the policy was assigned and delivered in pledge to the plaintiff which was authorized to receive the full proceeds thereof, as fully set forth in the first count; in the fifth count, that after the fire which destroyed the property insured, the policy was assigned to the plaintiff as fully set out in the fourth count. The third count was for interest on divers sums of money forborne. A note at the foot of the declaration designated the original policy on file as the cause of action. The defendant filed a demurrer and pleas in bar to the first, second, fourth and fifth counts of this last amended declaration, and also filed separate pleas to the third count. Plaintiff demurred to all of these pleas, and on January 5, 1899, the court made an order that the defendant's demurrer to the first, second, fourth and fifth counts of the declaration be sustained and that defendant was entitled to judgment final on said demurrer to those counts; that plaintiff's demurrer to defendant's pleas to the third count of plaintiff's declaration be overruled and that the defendant was entitled to judgment final as to said count upon the overruling of plaintiff's said demurrer, and final judgment was entered that defendant go without day and recover of plaintiff, the Indian River State Bank, its cost in that behalf expended.

On January, 28, 1899, Simon Hamberg, for the use and benefit of the Indian River State Bank, moved the court to amend the final judgment previously entered

92 SUPREME COURT. [42nd Fla.

Hamburg v. Liverpool, Lon., Globe Ins. Co.—Opinion of Court.

so that same would apply not only to the Indian River State Bank, but to him, attaching to his motion a copy of the proposed amendment which recited that upon sustaining the demurrer to the first and second counts of the second amended declaration the court gave leave to amend within six days if advised, and that he did amend by filing a declaration by the bank, suing in its own right as sole plaintiff. This motion was denied.

Thereafter plaintiff in error sued out a writ of error to this court, returnable to the present term, and defendant in error moves to dismiss the writ upon various grounds unnecessary to be set forth in detail, but several of which contend that the plaintiff in error having voluntarily disappeared from the case in consequence of the last amendment of the declaration, and not being a party to the final judgment, cannot maintain the writ of error sued out by him. The court is of the opinion that this contention is correct, and that the writ of error must be dismissed.

The first declaration was filed by the Indian River State Bank and Simon Hamberg, the parties plaintiff named in the praecipe and writ, and these parties were given leave to amend as they might be advised. An amended declaration was filed in which Hamberg assumed the position of nominal, and the bank that of use, plaintiff. While the order granting leave to amend does not in express terms authorize an amendment as to parties, it is broad enough to cover such an amendment, an amendment of that character was clearly contemplated by the ruling on the demurrer, and the court and the parties in the subsequent proceedings recognized this amended pleading as properly in the record as will be seen from the foregoing statement of facts. The next amended declaration made no change

in the parties plaintiff, and after it was filed the suit re-
mained the same as upon the first amended declaration,
so far as parties were concerned; that is, Hamberg re-
mained the nominal, while the bank continued to be the
use, plaintiff.    In Kendig v. Giles, 9 Fla. 278, it is said
that in all suits brought for the use of another, the per-
son in whose name the suit is brought for the use of
another is but the nominal plaintiff—the real plaintiff
is the person for whose use it is instituted; he brings
the suit in the name of the nominal plaintiff by virtue
of a right to use his name, and if he recovers the pro-
ceeds go to him, consequently he controls the suit and
may discharge it.    That the nominal plaintiff has no
control or management of the suit.    See, also, Sloan v.
Sommers, 14 N. J. L. 509; Hudson v. Morriss, 55 Texas
595.    When the demurrer was sustained to the first and
second  counts  of  the  second  amended  declaration,
leave was given to amend by filing an amended declara-
tion, if plaintiff was so advised, and before any amend-
ment was filed the suit was dismissed as to the remain-
ing counts of the second amended declaration by an
order entered by the clerk.    Subsequently an amended
declaration was filed within the time limited, wherein
the name of the plaintiff in error as a party plaintiff
was omitted, and the bank who had in the two previous
amendments been the use plaintiff, became sole party
plaintiff, and it was upon pleadings to this last amended
declaration that final judgment was rendered and to
which plaintiff in error was not a party.    There can be
no doubt of the power of the court under our liberal
statutes of amendments  to  permit  amendments as to
parties plaintiff such as was attempted to be made in
the last amended declaration, viz: to strike out the nom-
inal plaintiff and permit the suit to proceed in the name

94 SUPREME COURT. [42nd Fla.

Hamburg v. Liverpool, Lon., Globe Ins. Co.—Opinion of Court.

of the use plaintiff. Neal v. Spooner, 20 Fla. 38; Montague v. King, 37 Miss. 441; Price v. Wiley, 19 Tex. 142, S. C. 70 Am. Dec. 323; Martel v. Somers, 26 Tex. 551; Fenwick v. Phillips, 3 Met. (Ky.) 87; Lewis v. Austin, 144 Mass. 383, 11 N. E. Rep. 538. It is true that the order permitting plaintiff to amend did not specifically direct an amendment as to parties, but it was broad enough to include an amendment of that nature, the amendment actually went to that extent and the amended pleading was treated by the parties and the court as having been properly filed, by proceeding to final judgment on the case made by it. McCaulla v. Murphy, 86 Ga. 475, 12 S. E. Rep. 655; Louvall v. Gridley, 70 Cal. 507, 11 Pac. Rep. 777. This amendment was filed by the attorneys who filed the previous one, within the time limited by the order of the court, sought to recover on the same insurance policy, was never repudiated by plaintiff in error as unauthorized by him, but, on the contrary, his motion to amend the judgment admits that the last amended declaration in the name of the bank as sole plaintiff was filed with his consent in pursuance of the leave to amend given on sustaining defendant's demurrer to the first and second counts of his the second amended declaration.

We are not prepared to say that a use plaintiff has not a right, even against the consent of the nominal plaintiff, to dismiss the suit, or to have the name of the nominal plaintiff stricken and his own substituted as sole plaintiff, but we do not go so far as to announce that view in this case, because we are of opinion that there is sufficient in this record to show that plaintiff in error impliedly consented to and acquiesced in the propriety of that amendment, and we hold that such amendment operated as an abandonment of the suit so

far as he is concerned. Hagerty v. Hughes, 4 Baxt. (Tenn.) 222. As he has voluntarily abandoned the suit and ceased to be a party thereto prior to the final judgment, and that judgment does not affect him in any respect, he has no right to maintain this writ of error. The motion to dismiss for the reasons stated is granted.

There are ten other writs of error from the Circuit Courts of Brevard and Volusia counties pending in this court sued out by the same plaintiff in error, wherein the Sun Mutual Ins. Co., Providence Washington Ins. Co., Springfield Fire & Marine Ins. Co., Liverpool and London and Globe Ins. Co. Hartford Fire Ins. Co., Home Ins. Co., Continental Ins. Co., Glens Falls Ins. Co., Scottish Union and National Ins. Co. and Orient Ins. Co., respectively, are defendants in error, in which motions to dismiss are made. The suits in the court below, wherein judgments were rendered from which these writs of error were sued out, sought to recover upon fire insurance policies issued by the insurance companies respectively to Simon Hamberg. Like pleadings, amendments and proceedings were had in each of these cases as in the one just considered, and the same reasons which require the writ of error in the latter to be dismissed apply to each of the others. An order will, therefore, be entered in each of those cases granting the motion to dismiss the writ of error.