## 56076. DUKE v. THE STATE.

WEBB, Judge.

James Scott Duke appeals his conviction on a charge of aggravated assault. The victim was a nineteen-year-old female. She had been attending school on the morning of the assault, and was headed for her car to leave for work when Duke, whom she did not know, approached her car. She at first thought he was a student. He jerked open the left door of the car without warning, grabbed the girl and placed a knife to her throat. He then jerked the young woman from the car and seated himself behind the steering wheel. In the course of the struggle that ensued, she succeeded in freeing herself and fled her car, grabbing the keys and screaming for help. Duke fled the scene, with two groundkeepers at Columbus College in pursuit. Later that morning he was found hiding in a toilet stall of the Georgia Power building and arrested. Practically all of the foregoing was admitted by Duke, except that he denied that he had a knife but only a brown and silver pen.

1. There is no clear enumeration of errors for this appeal. There seems to be a contention that the verdict was contrary to the weight of the evidence. That is a question for the jury and not the appellate courts. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976); *Brooks v. State,* 141 Ga. App. 725, 739 (12) (234 SE2d 541) (1977). There was sufficient evidence to support the verdict, and although there are some conflicts, the jury chose to believe the state's witnesses. *Burns v. State,* 145 Ga. App. 357 (1) (243 SE2d 746) (1978).

2. Secondly, Duke argues that the trial court erred in failing to charge Code Ann. § 38-1806, asserting that the victim knowingly and deliberately lied under oath regarding her identification of the knife he was holding in his hand. Before this statute is applicable, "it must manifestly appear, not only that the witness on one or the

other occasion has sworn falsely to a material matter, but that he has done so wilfully and knowingly." *Teague v. Keith,* 214 Ga. 853, 856 (5) (108 SE2d 489) (1959); *Douglas v. Herringdine,* 117 Ga. App. 72 (2) (159 SE2d 711) (1967). The Code section, from a review of the transcript, clearly was inapplicable. Furthermore, there was no timely written request to charge that statute. "In the absence of a written request for such a charge, it is not error for the trial judge to fail to charge the jury on the issue of conflicting statements made by a witness." *State v. Stonaker,* 236 Ga. 1, 3 (222 SE2d 354) (1976).

The other contentions in the "enumeration of errors," although not set out separately pursuant to Code Ann. § 6-810 but more generally in the nature of argument, have been considered, and we find no merit in them.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 6, 1978.

*Louis H. Mitchell,* for appellant.

*William J. Smith, District Attorney, Richard C. Hagler, Assistant District Attorney,* for appellee.