## 35393. PERRYMAN v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of murdering Dorothy Moore. He was sentenced to life imprisonment. This is his appeal.

The state's main witness was the victim's nine-year-old daughter, Chelsa Moore. Chelsa testified that, while she was in another room in the house, she had heard her mother and the appellant arguing. The appellant told her mother that if she set one foot on the steps, he would shoot her. They then called Chelsa to go downstairs to get them cigarettes. After she had gotten the cigarettes, she saw the appellant shoot her mother as she was about to set foot on to the top step.

The appellant then came down the stairs. He said that he did not mean to do it and that the victim would be all right. He kissed her on the forehead and went for an ambulance, although he did not return.

At trial, the appellant, in contradiction to the testimony of Chelsa Moore, testified that he shot the victim as he was trying to put his leg brace in a closet. He testified that he slipped and that the gun went off accidentally.

1. We find that a reasonable jury was authorized in believing the testimony of Chelsa Moore, rather than the appellant's testimony, and in convicting the appellant of murder. See Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979). The jury was clearly authorized in finding that the appellant's shooting of the deceased caused her death. See *James v. State,* 67 Ga. App. 300 (3) (20 SE2d 87) (1942). The trial judge was authorized in ruling that Chelsa Moore was qualified as a witness. See Code § 38-1607; *Thurmond v. State,* 220 Ga. 277 (3) (138 SE2d 372) (1964). This disposes of the appellant's first, third, and fourth enumerations of error.

2. In the second enumeration of error, the appellant argues that the trial judge erred in overruling his motion for mistrial, brought on the ground that the district attorney was engaging in a line of questioning a witness in such a manner as to penalize the appellant's post-trial silence in violation of Doyle v. Ohio, 426 U. S. 610 (96 SC

2240, 49 LE2d 91) (1976).

Our review of the transcript reveals that the complained-of testimony was elicited as much by defense counsel as by the district attorney. Therefore, if there was any error in admitting this testimony, it was induced error, which cannot be complained of on appeal. See *Threlkeld v. State,* 128 Ga. 660 (58 SE 49) (1907) and cits.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 14, 1979 — DECIDED OCTOBER 23, 1979 — REHEARING DENIED NOVEMBER 21, 1979.

*Vernon S. Pitts, Jr., John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.