64261. BEARDEN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offense of cruelty to children and convicted of the lesser included offense of simple battery. Defendant's motion for new trial was denied, and defendant appeals enumerating as error the trial court's refusal to give certain instructions in its charge to the jury. *Held:*

1. Defendant's enumerations of error numbers 1, 2 and 6 each contend that the trial court should have given in charge to the jury Code Ann. § 26-901 (c) (Ga. L. 1968, pp. 1249, 1272) or some paraphrase of same. This Code section provides for a defense of justification when a person's conduct is reasonable discipline of a minor by a person in loco parentis. In the case sub judice there was no evidence authorizing the charge of Code Ann. § 26-901 (c), supra, in that the injuries sustained by the victim (defendant's stepchild), if occasioned by defendant's acts, could not be determined to have been reasonable discipline. The state's evidence shows that the victim was a five-year-old female child upon whom bruises were visible on about 75% of the face and neck and 25% of the body. The trial court committed no error in refusing to charge Code Ann. § 26-901 (c), supra. *Ellis v. State,* 137 Ga. App. 834, 838 (5) (224 SE2d 799).

2. Defendant's enumeration of error No. 3 complains of the failure to give a requested charge that "where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence." However, the evidence as to the two theories, guilt or innocence, in the case sub judice, was not of such equality that the theory of innocence had to be accepted. See *Nolen v. State,* 124 Ga. App. 593, 594-597 (184 SE2d 674), and cases cited. The request was abstractly correct. However, the jury was fully charged on the burden of the state to show beyond a reasonable doubt the guilt of the defendant and that if the jury should find any such doubt as to the defendant's guilt they should acquit. See in this connection *Newberry v. State,* 126 Ga. App. 81 (189 SE2d 891).

3. Defendant's enumeration of error No. 4 complains of the trial court's refusal to give the requested charge that when circumstantial

evidence supports more than one theory, one consistent with guilt and one with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove defendant's guilt beyond a reasonable doubt. Defendant contends that this request to charge is supported by Code § 38-109 which Code section was contained in the trial court's charge to the jury. Only when the evidence is wholly circumstantial is the substance of Code § 38-109 required to be given in the charge. Here there was direct evidence, as well as circumstantial, and there was no such equality of the theories of guilt or innocence as to require such charge. See *Nolen v. State,* 124 Ga. App. 593, 594-597, supra. Further, it is never error to refuse to charge in the exact language requested on circumstantial evidence when a correct charge was given to the jury. See *Reynolds v. State,* 231 Ga. 582-583 (3) (203 SE2d 214). Here the trial court did charge in the statutory language of Code § 38-109, and this additional instruction was not required. Compare *Newberry v. State,* 126 Ga. App. 81, 83 (6), supra.

4. Defendant's enumeration of error number 5 contends that the trial court erred in failing to charge the jury on misfortune or accident. Defendant did admit here that he slapped her (with his right hand, the back of his hand) and that she "jerked her head" causing him to hit her "on the corner of her eye." We do not believe this evidence would present an issue as to either misfortune or accident considering the totality of the evidence offered by the state against the defendant. See *Smith v. State,* 85 Ga. App. 459 (4) (69 SE2d 281); *Stocks v. State,* 153 Ga. App. 72, 73 (2) (264 SE2d 552). There is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 10, 1982.

*P. Benson Ham,* for appellant.

*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.