## 65143. PRESCOTT v. THE STATE.

DEEN, Presiding Judge.

Ernest Prescott was convicted by a Glynn County jury on two counts of possession of controlled substances in violation of the Georgia Controlled Substances Act, Georgia Laws 1974, p. 221 (Georgia Code Ann. Chapter 79A-8). Police officers acting on information supplied by a reliable informant, and pursuant to a valid search warrant, discovered a small quantity of diazepam (Valium) pills and a packet containing a white powdery substance later identified as cocaine concealed in and about a mobile home occupied in part by appellant and his wife. The pills were found in the pocket of a man's jacket hanging in the closet of a bedroom occupied by appellant and his wife, and the cocaine was retrieved from behind an ornamental strip on the mobile home's exterior. There was evidence that other persons regularly occupied other portions of the mobile home and that persons other than appellant and his wife used the bedroom from time to time, including the owner, one David Miller, a truck-driver who was customarily absent for periods of several weeks

at a time. The mobile home was parked among other similar facilities, so that its exterior was accessible to members of the general public who might be passing through the trailer park where the mobile home was located. Appellant disputed the arresting officer's testimony that he had admitted ownership of the jacket in which the pills were found.

Appellant assigns error on the general grounds, challenging the sufficiency of the evidence and objecting particularly to the use of circumstantial evidence as the basis for conviction. *Held:*

1. There was sufficient evidence to authorize a jury verdict of guilty on the diazepam charge (Count II). There was testimony that, although clothing belonging to other persons (specifically, David Miller) was kept in the closet, appellant ordinarily hung his clothes in that closet, also. Moreover, there was testimony, albeit disputed, that the particular jacket in which the pills were found belonged to appellant. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Ga. Code Ann. § 38-109. A reasonable hypothesis as used in this Code section refers only to "such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; [it] does not mean that the act might by bare possibility have been done by someone else." *McGee v. State,* 159 Ga. App. 763 (1) (285 SE2d 224) (1981); see also *Jerdine v. State,* 137 Ga. App. 811 (224 SE2d 803) (1976).

Appellant is correct in arguing that the mere presence of contraband on premises owned or occupied by an accused is insufficient to sustain a conviction when there is also evidence of access by others. *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480) (1970). Appellant made no affirmative showing, however, that anyone other than himself and his wife had had actual access to the bedroom or its closet during several days or weeks prior to the discovery of the pills. There was testimony, on the other hand, that David Miller, the bedroom's principal alternative occupant, had been out of town for at least three weeks before the date in question. Appellant's reliance on *Smith v. State,* 156 Ga. App. 102 (273 SE2d 918) (1980) is misplaced. In that case there was unrebutted testimony by a person who had access to the place where drugs were found that he had purchased them and placed them in that location, and that the accused, despite having equal or superior access, had no knowledge of their presence. In the instant case appellant produced no affirmative evidence that anyone else owned or had knowledge of the pills, and therefore did not carry his statutory burden of excluding reasonable hypotheses other than that of his own guilt. The jury was authorized to find him

guilty of the offense of unlawful possession of diazepam. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

2. A different fact pattern obtains with regard to the charge of cocaine possession (Count I). "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* supra at 42. In the case sub judice the cocaine was found hidden on the outside of the mobile home. It is clear from the record that the mobile home was parked in an area to which a large number of persons, not only visitors to the unit occupied by appellant but anyone having business in the mobile home park, had potential access. There is no evidence directly connecting appellant to the cocaine other than that he, like others, occupied a portion of the mobile home. The evidence on this count is entirely circumstantial, and it is by no means of such quality and quantity as to exclude every reasonable hypothesis except that the substance was in the possession, actual or constructive, of appellant. "Where the circumstances are equally compatible with guilt or innocence so that it is just as reasonable to draw one inference as the other, the conviction cannot stand." *Mooney v. State,* 122 Ga. App. 650, 653 (178 SE2d 281) (1970). "To say that the evidence . . . authorizes defendant's conviction would amount to a holding affirming guilt on nothing more than suspicion and conjecture." *Braden v. State,* 135 Ga. App. 827, 829 (219 SE2d 479) (1975). The conviction on Count I is unsupportable as a matter of law and must be reversed. *Harris v. State,* 236 Ga. 242 (223 SE2d 643) (1976).

*Judgment affirmed in part and reversed in part. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 19, 1982 —
REHEARING DENIED DECEMBER 6, 1982 — ■

*Grayson P. Lane,* for appellant.
*Glenn Thomas, Jr., District Attorney, John Johnson III, Assistant District Attorney,* for appellee.