64701. STEPHENS v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of aggravated assault upon a police officer. He appeals from the judgment of conviction and sentence entered on the jury verdict.

Appellant was stopped by a police officer because of erratic driving. After appellant, appearing to be under the influence of alcohol, stated he did not have a driver's license, the police officer attempted to effect an arrest. Appellant struggled with the officer, who was hit with his own nightstick. A chase ensued and the officer drew his gun, but, because a crowd had gathered, reholstered it. Another struggle occurred, at which time the officer again attempted to draw his gun. When appellant placed his hand on the gun, it discharged, shooting the officer in the foot.

1. Appellant enumerates error on the general grounds. We find that there was sufficient evidence in this case to support the jury's verdict of guilty. See generally Myers v. State, 236 Ga. 677 (225 SE2d 53) (1976).

2. Appellant further asserts the state erroneously put his character into issue and that the trial court erred in overruling his motion for mistrial on this ground. It is clear that the challenged evidence was admitted for purposes of impeachment only. Evidence, otherwise admissible, does not become inadmissible because it incidentally puts appellant's character into issue. McKenzie v. State, 248 Ga. 294 (282 SE2d 95) (1981). Therefore, the trial court did not err in overruling appellant's motion for mistrial.

3. Appellant also complains that the court erred in failing to give appellant's requested charge on circumstantial evidence. The record clearly shows that the charge as given by the trial court fully covered the principle of law contained in appellant's requested instruction. Where the charge actually given substantially covers the principle articulated in a request to charge, the failure of the trial court to charge in the exact language requested is not error. Evans v.

*State,* 148 Ga. App. 422, 423 (251 SE2d 325) (1978). Also see *Neal v. State,* 161 Ga. App. 77 (3) (289 SE2d 293) (1982). The trial court did not err in refusing to give appellant's request to charge.

4. Appellant argues that the trial court erred in allowing the arresting officer to state his opinion as to the ultimate fact to be decided by the jury. See *Harris v. State,* 188 Ga. 745 (1) (4 SE2d 651) (1939). Our review of the transcript demonstrates that the objection in the trial court was not sufficient to preserve this issue for appeal. See generally *Allen v. State,* 152 Ga. App. 481, 482 (2) (263 SE2d 259) (1979).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 3, 1982.

*John N. Crudup,* for appellant.
*Jeff C. Wayne, District Attorney, Charles H. Frier, Assistant District Attorney,* for appellee.