## 68076. SINGLETON v. THE STATE.

Deen, Presiding Judge.

Appellant Singleton was convicted on five counts of forgery involving the negotiation of stolen checks and altered money orders. Singleton had been apprehended shortly after leaving the scene of the last of the alleged transactions, and was identified at trial by multiple witnesses as the person who had purchased and presented the forged instruments. Enumerated as error is the admission of certain testimony which allegedly placed appellant's character in issue.

Examination of the trial transcript reveals that a staff member of the halfway house where appellant lived for a time was called upon to testify regarding aliases by which appellant was known. Appellant objected to the witness' testifying that appellant was a resident of the halfway house, alleging outside the presence of the jury that this impermissibly placed his character in issue. Still outside the jury's presence, the trial court overruled the objection and warned the witness

to exercise care in offering his testimony, so as not unnecessarily to draw attention to appellant's inmate status. It is well settled that it is not error to admit essential evidence which only incidentally may place a defendant's character in issue. *Stephens v. State*, 164 Ga. App. 614 (298 SE2d 621) (1982). This enumeration is therefore without merit.

Appellant's appointed counsel has filed a motion in this court requesting permission to withdraw and, in accordance with Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967) and *Bethay v. State*, 237 Ga. 625 (229 SE2d 406) (1976), filed a brief raising points of law which might arguably support the appeal. Pursuant to the rulings in Anders and *Bethay*, we conducted an extensive examination of the record and transcript filed in this case in order to determine if the appeal is, in fact, frivolous. On the basis of that review, we have granted counsel's motion to withdraw and find that the requirements of Anders and *Bethay* have been met, that no reversible error appears in the record, and that a rational trier of fact could have found from the evidence presented at trial that the appellant was guilty beyond a reasonable doubt. *Drayton v. State*, 157 Ga. App. 872 (278 SE2d 758) (1981).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MARCH 16, 1984.

*Sam B. Sibley, Jr., District Attorney*, for appellee.