## 67981. BURRELL v. THE STATE.

McMurray, Chief Judge.

On or about January 29, 1983, police officers and Georgia Bureau of Investigation (GBI) agents, acting on information supplied by a reliable informant, and pursuant to a valid search warrant, discovered two marijuana cigarettes and a yellow "bong" (i.e., a device used for smoking marijuana) (containing a residue which later tested positive for marijuana) in and about a house owned by defendant and occupied by defendant and his roommate. One of the marijuana cigarettes was found on top of a "chiffarobe or cabinet" in a room located adjacent to the kitchen. The other cigarette was found laying on a cushion of a sofa in a room which the GBI agent described as the den area of the house. The yellow "bong" was found on a shelf in the closet of a bedroom occupied by defendant.

At trial, defendant contended, among other things, that the evidence was insufficient to support a verdict of guilty based upon the proposition that persons other than the defendant had equal opportunity to commit the crime (e.g., GBI agent Henry testified that at the time of the search approximately ten other persons besides defendant were present in the house and that the persons present were located in the kitchen and den area of the house. Defendant testified that his roommate slept in his bedroom prior to the search and that persons other than himself had been in his bedroom on the night of the raid). Based on this contention, defendant moved for a directed verdict of acquittal. The trial court, however, denied defendant's directed verdict motion and upon submission of the case to the jury, defendant was convicted of the possession of not more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. Following a denial of his motion for new trial, defendant brought this appeal. *Held:*

1. Defendant contends that he was subjected to improper character impeachment by the admission into evidence of a conversation between an informer and a GBI agent which was not made in his presence. During trial a GBI agent testified over objection that the informant in the case had told him, "that he had observed drugs at the [Burrell] residence on more than one occasion [and] that there had been personal observations of drugs in the residence before." The officer further testified, "we received information [from the informant] that there was supposed to be a birthday party [at the Burrell residence] with a lot of drugs." The trial court admitted the agent's testimony for the limited purpose of explaining the agent's conduct and motives in assisting the Cornelia Police Department in its investigation of the Burrell residence for drugs. However, at this point in the trial (i.e., after opening statements had been made and upon direct

examination of the State's first witness), the conduct and motives of the GBI agent in focusing the investigation on the Burrell residence were irrelevant since at the time no evidence had been introduced to support defendant's contention that he was being prosecuted for political reasons. As such, we are of the opinion that the admission of the testimony of the GBI agent relating his conversation with the informant for the limited purpose of explaining the officer's conduct and motives in assisting the Cornelia Police Department in its investigation of the Burrell residence for drugs was error. See *Teague v. State*, 252 Ga. 534 (314 SE2d 910), and cases cited therein. However, we do not believe, for the following reasons, that this error was harmful under the standards of *Johnson v. State*, 238 Ga. 59 (230 SE2d 869). First, defendant's counsel, in his opening statement, contended that the evidence would show that defendant was "the object of persecution because of his position in the county"; that defendant "[had] been the subject of tremendous political pressure"; "that the raid at [the Burrell residence] was not conducted until [the officers] knew that David Burrell was there"; and "that [the subject prosecution was] a political matter." Second, throughout the trial, defense counsel tried to infer that defendant was being prosecuted for political reasons. Third, counsel for defendant, in his closing arguments, argued that the prosecution was initiated simply because of defendant's position in the community (i.e., for political reasons). Moreover, it was brought out on cross-examination of the GBI agent that although the informant had seen drugs at the Burrell residence before, he had never seen defendant with drugs. Thus, it is highly probable that the error did not contribute to the judgment. See *Johnson v. State*, supra.

2. In his second enumeration of error, defendant contends that the trial court erred in overruling his motion for mistrial based upon the state court solicitor's redirect examination of a GBI agent which brought out the fact that the agent had testified previously in a motion to suppress hearing which lasted approximately three or four hours. Defendant argues that the fact that a suppression hearing had been held had no probative value and was highly prejudicial in that it might have had misleading connotations to the jury. However, "[o]ur review of the transcript reveals that the complained-of testimony was elicited as much by defense counsel as by the [state court solicitor]. Therefore, if there was any error in admitting this testimony, it was induced error, which cannot be complained of on appeal. See *Threlkeld v. State*, 128 Ga. 660 (58 SE 49) (1907) and cits." *Perryman v. State*, 244 Ga. 720 (2)-721 (261 SE2d 588). See also *Westbrook v. State*, 162 Ga. App. 130, 131 (2) (290 SE2d 333).

3. On cross-examination of GBI agent Henry, defense counsel asked, "You recognize that when two people live in a house together

and occupy that place together — equal access rule applies there, too, doesn't it?" The trial court correctly sustained the solicitor's objection on the ground that "[the question called] for an answer that is a matter of law and not a fact in this case." See *McCaulla v. Murphy*, 86 Ga. 475, 481 (12 SE 655).

4. Upon cross-examination of GBI agent Henry, defendant's counsel further inquired, "was a urine test, a blood test, or a breath test taken from David Burrell?" The trial court properly sustained the solicitor's objection on the ground that "the answer solicited would not be probative of the question before this jury, that is whether [defendant] was in actual or constructive possession of this marijuana."

5. Defendant contends "the trial court abused its discretion in preventing the defense on direct examination of [defendant] from fully developing the motivations which [defendant] contended fueled the entire proceeding against him." However, after careful examination of the record before us, we find that the court, in several instances, allowed defendant to adequately develop his contention that the prosecution against him was politically motivated. Thus, even assuming that the trial court erred in preventing defendant from going into further detail regarding his theory that he was being prosecuted for political reasons, it is highly improbable that such error contributed to the jury's verdict. See *Johnson v. State*, 238 Ga. 59, supra. Accordingly, this enumeration is without merit. See also *Dill v. State*, 222 Ga. 793 (1)-794 (152 SE2d 741).

6. Defendant asserts as error the denial of his motion for a directed verdict of acquittal based upon insufficiency of the evidence. To this end, defendant argues that "[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. [Cits.]" *Gee v. State*, 121 Ga. App. 41, 42-43 (172 SE2d 480). In the case sub judice, however, the evidence does not affirmatively show that anyone other than defendant had actual access to the closet of the bedroom where the "bong" containing the marijuana residue was found. "To make an affirmative showing of equal access, it is not enough to show that others might have had equal access but it must affirmatively appear that others did have equal access. It is not necessary that the state remove every possibility of the defendant's innocence [cit.], but only that the evidence be sufficient to convince the rational trier of fact of the defendant's guilt beyond a reasonable doubt. [Cit.]" *Valenzuela v. State*, 157 Ga. App. 247, 249 (2)-250 (277 SE2d 56).

After reviewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence to enable

a rational trier of fact to reasonably find the defendant guilty of the offense charged beyond a reasonable doubt. See *Lush v. State*, 168 Ga. App. 740, 742 (6)-743 (310 SE2d 287); *Prescott v. State*, 164 Ga. App. 671, 672 (1)-673 (297 SE2d 362); *Valenzuela v. State*, 157 Ga. App. 247, 249 (2)-250, supra. We find no error in the court's overruling of the defendant's motion for a directed verdict of acquittal.

7. Defendant contends the trial court erred in refusing to charge the provisions of OCGA § 24-9-85 (b) (formerly Code § 38-1806), asserting that GBI agent Henry knowingly and deliberately lied under oath regarding the location of the defendant when agent Henry first saw him. However, before this statute is applicable, " 'it must manifestly appear, not only that the witness on one or the other occasion has sworn falsely to a material matter, but that he has done so wilfully and knowingly.' [Cits.]" *Duke v. State*, 147 Ga. App. 101 (2)-102 (248 SE2d 176). A review of the transcript discloses that this Code section was clearly inapplicable and as such, the trial court properly refused to charge on it.

8. Defendant next contends that the trial court erred in refusing to give the following requested charge: "Circumstantial evidence is worth nothing in a criminal case if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt." The record clearly shows that the charge as given by the trial court amply covered the principle of law contained in defendant's requested instruction. Accordingly, defendant's contention is without merit because "[w]here the charge actually given substantially covers the principle articulated in a request to charge, the failure of the trial court to charge in the exact language requested is not error." *Stephens v. State*, 164 Ga. App. 614 (3)-615 (298 SE2d 621). See also *Monroe v. State*, 250 Ga. 30, 36 (5) (295 SE2d 512).

9. The trial court did not err in failing to give defendant's requested instruction that "if the facts in evidence . . . present two theories, one of guilt and the other consistent with innocence . . . [then] justice and humanity of the law compels the acceptance of the theory which is consistent with innocence. Therefore, . . . if the evidence in the case is consistent with the innocence of the defendant, then you must acquit him of the crime charged in the indictment." Nor did the trial court err in refusing to give the requested charge that "where the circumstances are equally compatible with guilt or innocence so that it is just as reasonable to draw one inference as the other, you may not convict a person of any crime and the form of your verdict must be not guilty." In the case sub judice the record reflects that the charge as given by the trial court substantially covered the principles articulated in the defendant's requested instructions. Specifically, the court gave ample instructions on the presumption of innocence and the burden of the State in proving defendant's guilt beyond a reason-

able doubt. It was not error to fail to charge in the exact language requested. See *Booker v. State*, 156 Ga. App. 40, 42 (4)-43 (274 SE2d 84). Moreover, we find no error in refusing to give the instructions as requested since "the evidence as to the two theories, guilt or innocence, in the case sub judice, was not of such equality that the theory of innocence had to be accepted." *Bearden v. State*, 163 Ga. App. 434 (2) (294 SE2d 667).

10. Defendant enumerates as error the trial court's refusal to give certain requested instructions regarding the "equal access" rule. However, the court, having fully charged on actual or constructive possession and/or sole or joint possession, was not required to give the charges requested in the exact language of defendant's requests. See *Teems v. State*, 161 Ga. App. 339, 342 (7) (287 SE2d 774). Moreover, the charges as requested did not apply entirely to the facts of this case. In other words, although the charges requested may have been authorized for the two marijuana cigarettes found in the den area of defendant's house, they were not authorized for the yellow "bong" (the contents of which later tested positive for marijuana) found in defendant's closet. This is so because the evidence does not affirmatively show equal access of other persons to the closet in the bedroom admittedly occupied by the defendant. See *Valenzuela v. State*, 157 Ga. App. 247, 249 (2)-250, supra. Accordingly, we find no reversible error.

11. Defendant assigns as error the court's instruction that "[i]f you believe beyond a reasonable doubt that the defendant did . . . commit the offense as charged in the way and the manner alleged you *ought* to convict." (Emphasis supplied.) Defendant contends that the use of the word "ought" (instead of authorized) was reversible error because by doing so the trial court in effect expressed an opinion as to the guilt of the accused. In addition, defendant argues, the charge was confusing and tantamount to directing a verdict of guilty. Defendant's contention is without merit.

We find that the charge, read as a whole, is clearly distinguishable from that in *Salisbury v. State*, 221 Ga. 718 (2) (146 SE2d 776), relied on by defendant. In the present case the court plainly charged that before the State was entitled to a verdict of guilty it must first overcome the presumption of innocence which remains with the defendant throughout the trial. Furthermore, "upon examination of the entire charge it is clear that the jury could not have failed to understand that it was bound to consider all of the evidence adduced upon the trial in determining whether to convict or acquit the accused. [Cits.]" *Cape v. State*, 246 Ga. 520, 525 (8)-526 (272 SE2d 487). See *Salisbury v. State*, 223 Ga. 414 (156 SE2d 48). This enumeration of error is without merit.

12. Lastly, defendant asserts that the trial court erred in in-

structing the jury "that where one owns or is the lessee of a house or premises, a presumption exists that he is in possession of the entire premises and all the property thereon or therein; however, this is a rebuttable presumption and may be overcome by proof that others have access to the premises. Whether or not this presumption is overcome is a question for the Jury alone." Defendant's assertion is without merit. The trial court's instruction was a correct statement of the law. See *Burdett v. State*, 159 Ga. App. 394, 395 (3)-396 (283 SE2d 622), and cases cited therein. Moreover, the instruction was authorized by the evidence. See *Prescott v. State*, 164 Ga. App. 671, 672-673 (1) (297 SE2d 362); *Valenzuela v. State*, 157 Ga. App. 247, 249-150 (2), supra.

13. Based on the foregoing reasons, the trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

DECIDED JUNE 26, 1984 —
REHEARING DENIED JULY 16, 1984 — 

*Douglas W. McDonald, Sr.*, for appellant.
*Linton K. Crawford, Solicitor*, for appellee.

DEEN, Presiding Judge, concurring specially.

Division 6 of the majority opinion deals with the denial of a motion for directed verdict of acquittal. The conclusion is made that there was sufficient evidence to enable a rational trier of fact to reasonably find the defendant guilty of the offense charged beyond a reasonable doubt.

While the rational trier standard has been used by the Georgia Supreme Court in cases relating to motions for directed verdict of acquittal, *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981), and *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984), yet in similar situations they have also utilized seemingly a lesser quality and quantum of evidence which is the any evidence standard or the statutory no conflict standard as in *Conger v. State*, 250 Ga. 867 (301 SE2d 878) (1983); *Zuber v. State*, 248 Ga. 314 (282 SE2d 900) (1981); and *Taylor v. State*, 252 Ga. 125 (312 SE2d 311).

In the case at hand, while dealing with the motion for directed verdict of acquittal, the majority opinion relies upon *Lush v. State*, 168 Ga. App. 740, 742 (6)-743 (310 SE2d 287); *Prescott v. State*, 164 Ga. App. 671, 672 (1)-673 (297 SE2d 362); and *Valenzuela v. State*, 157 Ga. App. 247, 249 (2)-250 (277 SE2d 56); in which all three cases

deal with upholding a jury verdict rather than a directed verdict.